## PAUL v. SALT LAKE CITY RY. CO.*

No. 1644.   Decided November 27, 1905 (83 Pac. 563).

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—ALIGHTING FROM MOVING CAR—INSTRUCTIONS.—In an action for injuries to a passenger in alighting from a street car, the court charged that if plaintiff, in the exercise of due care and prudence on her part and while the car was standing still, was in the act of getting off, and the car was started before she had a reasonable opportunity to do so, etc., she was entitled to recover.   Another instruction charged that, though the conductor failed to stop the car when requested while in its usual stopping place, such failure did not justify plaintiff in attempting to leave the car while in motion, and if she did so she assumed the risk, and her injury by reason of such attempt was contributory negligence barring a recovery; also, that if plaintiff, "without waiting for the car to come to a full stop, undertook to and did step from the car while in motion, and as a natural result thereof was injured, she could not recover." *Held*, that such instructions were erroneous as in effect charging that plaintiff was guilty of contributory negligence as a matter of law if she attempted to alight from a moving car.

2. SAME—FAILURE TO STOP.—Where the operatives of a street car, after having diminished its speed in response to a passenger's notice of her desire to alight, suddenly increased the speed while she was making an effort to alight, by which she was thrown and injured, the carrier was liable for the injuries so sustained.

3. SAME—CARE REQUIRED.—A street railway company engaged in the carriage of passengers is bound to the exercise of the highest degree of care, prudence, and foresight consistent with the practical operation of its road, or the utmost skill, diligence, and care consistent with the business in view of the instrumentalities employed and the dangers naturally to be apprehended.

4. SAME—RES IPSA LOQUITUR.—Where a street car passenger was injured by being thrown from the car by the sudden acceleration of the speed thereof, after its speed had been slackened in response to her notice that she desired to alight, the happening of the accident was sufficient to raise a presumption of negligence on the part of the carrier.

APPEAL from District Court, Salt Lake County; S. W. Stewart, Judge.

---

* Presumption of negligence from occurrence of accidents, see note, 15 L. R. A. 33.

Action by Louisa B. Paul against the Salt Lake City Railroad Company. From a judgment in favor of defendant, plaintiff appeals.

REVERSED.

*S. P. Armstrong* for appellant.

*Young & Moyle* for respondent.

APPELLANT'S POINTS.

Plaintiff was entitled to show loss of earnings which she had sustained to the time of the trial, and also to instructions on this point requested. (*Townsend v. Paola,* 25 Am. & Eng. Corp. Cases, 152; *Hopkins v. Ry.,* 72 Am. Dec. 290; *Sheehan v. Edgar,* 58 N. Y. 631; *Eiler v. Ry.,* 49 N. Y. 45; *Ry. v. Putnam,* 118 U. S. 545, 555; Watson, Damages, p. 585.)

The court should give instructions on any point material to the issue involved. (*Cogdell v. Ry.,* 132 N. Car., 853; *People v. Hamilton,* 4 Utah 263; *People v. Chadwick,* 7 Utah 134; *Downey v. Gemini M. Co.,* 24 Utah 440; *Allen v. McKay,* 120 Cal. 339.)

The court should have given an instruction as to the degree of care required on the part of the passenger. Failure to give such request was error. (Sackett Inst. [2 Ed.], 115; Hughes, Inst., 245-551.)

The carrier is required to exercise the highest degree of care and diligence for the safety of its passengers which is reasonably practicable under the circumstances. (Buswell, Personal Inj., sec. 113; 2 Jaggard, Torts, p. 1083; Cooley, Torts [2 Ed.], 768; *Ry. v. Horst,* 93 U. S. 295; *C. & A. Ry. v. Byrum,* 153 Ill. 134; *Louisville Ry. v. Snyder,* 117 Ind. 437; *Koehne v. N. Y. & Q. Ry.,* 52 N. Y. Suppl. 1089; *Ry. v. Reid,* 4 Col. App. 68; *Simmons v. Steamboat Co.,* 97 Mass. 368; *Keokuk v. True,* 88 Ill. 614; *O'Connel v. Ry.,* 106 Mo. 483; *Ry. v. Park,* 96 Ky. 580, 586, 29 S. W. 455; *Derwort v. Loomer,* 21 Conn. 253; *Bosque v. St. Ry.,* 131 Cal. 390, 398; *Watson v. Ry.,* 42 Minn. 46, 43 N. W. 904; *Manerick v. Ry.,* 36 N. Y. 380; *Brown v. Ry.* [Wash.], 47 Pac. 893; *Bonce v. Dubuque Ry.,* 53 Ia. 278, 36 A. R. 221; *Denver Tramway v. Reid,* 4 Colo. App. 58; *Leonard v.*

*Ry.,* 67 N. Y. Suppl. 991; *Holly v. Ry.,* 61 Ga. 215, 34 Am. R. 97; *Koehne v. St. Ry.,* 52 N. Y. Suppl. 1089; Booth, St. Ry., secs. 324, 328; Redfield, Carriers, secs. 340, 341.)

"Whether or not appellee was guilty of such contributory negligence in alighting from a moving train as would bar a recovery, was a question of fact, to be determined by the jury under all the attendant and surrounding circumstances." (*Ry. v. Hoeffner,* 175 Ill. 634; *Johnson v. W. C. & P. Ry.,* 70 Pa. St. 363; *Ry. v. Atkins,* 46 Ark. 437; *St. Ry. v. Wiswell,* 168 Ill. 615; *Pence v. Mining Co.,* 27 Utah 386; *Linden v. Anchor M. Co.,* 20 Utah 147; *Bowers v. Ry.,* 4 Utah 224; *Olsen v. Ry.,* 9 Utah 138; *Peck v. Ry.,* 25 Utah 21; *Ry. v. Blumenthall,* 160 Ill. 49; *St. Ry. v. Leonard,* 5 Atl. 348, 66 Md. 73; *Cooper v. Ry.,* 61 S. Car. 345, 351; *C. & A. Ry. v. Byrum,* 153 Ill. 137; *Doolittle v. So. Ry.,* 62 S. Car. 142-3; *Tramway Co. v. Reid,* 4 Colo. App. 60; *Holland v. O. S. L. Ry.,* 26 Utah 212; *Hone v. Mammoth Co.,* 27 Utah 176; Cooley, Torts (2 Ed.), 804.) There is a contractual relation between the carrier and the passenger that does not exist in the case of a stranger; that is, the carrier contracts to carry the passenger without any negligence. (Bonny, Ry. Carriers, p. 14; *Stearns v. Spinning Co.,* 184 Pa. St. 523; *Doolittle v. So. Ry.,* 62 S. Car. 138.)

The happening of the accident itself established a *prima facie* case of negligence against defendant, and cast upon it the burden of proof to show that the accident occurred without its fault. (*Ry. v. Blumenthall,* 160 Ill. 48; *Turnpike Road v. Leonhart,* 66 Md. 75; *Ry. v. Swan,* 81 Md. 400, 32 Atl. 175; *B. & O. Ry. v. State,* 21 Am. & Eng. Ry. Cases, 204; *Gleason v. Ry.,* 140 U. S. 443-4; *St. Ry. v. McClellan,* 54 Nebr. 672; *Bosque v. Sutro St. Ry.,* 131 Cal. 390, 400; *Bridge Co. v. Quinkert,* 28 N. E. 338-341; *Stokes v. Santonstall,* 13 Pet. 181; *Stearns v. Ontario,* 184 Pa. St. 519; *Doolittle v. Ry.,* 62 S. Car. 137-8; *Cooper v. Ry.,* 61 S. Car. 345; *Ry. v. Yarwood,* 65 Am. Dec. 686-7 and note, 690; *Dampman v. Ry.,* 166 Pa. St. 520; *Ry. v. Snyder,* 117 Ind. 437; *Laing v. Colder,* 8 Pa. St. 479; *Sullivan v. Ry.,* 72 Am. D. 698; Redf., Carriers, sec. 341.)

## RESPONDENT'S POINTS.

"The evidence of plaintiff's loss of earnings is inadmissible against defendant's objection in an action for personal injur-

ies, in the absence of its specific averment as an element of damage." (*Coontz v. M. P. Ry. Co.*, 115 Mo. 669; *Pueblo v. Griffin*, 10 Colo. 367; *Wabash W. Ry. Co. v. Friedman*, 30 N. E. 353; *Tomlinson v. Derby*, 43 Conn. 562; *Silsby v. Mich. Car Co.*, 95 Mich. 204; *City of Chicago v. O'Brennan*, 65 Ill. 160-164; *Taylor v. Monroe*, 43 Conn. 36; *Dabovich v. Emeric*, 12 Calif. 171.)

Late opinions of the courts are to the effect that a party to an action, when his witness proves adverse, can prove contradictory statements of the witness as bearing upon his credibility and relieving the party from his surprised condition. (*People v. DeWitt*, 68 Calif. 586; *People v. Kruger*, 100 Calif. 523; *Williams v. Dickinson*, 28 Fla. 90; *Skipper v. State*, 59 Ga. 66; *Conway v. State*, 118 Ind. 482; *Champ v. Com.*, 2 Met. [Ky.] 23; *Ryerson v. Abington*, 102 Mass. 530; *White v. State*, 10 Tex. App. 381; *Davis v. State*, 21 S. W. 369; *Hurlburt v. Hurlburt*, 63 Vy. 667; *Greenough v. Eccles*, 5 C. B. N. S. 786. These cases are referred to on pages 319 and 320, 10 Enc. Pl. & Pr.)

In the giving of instructions all that is necessary is that the law with reference to the facts in issue be properly presented to the jury. (*Chapman v. S. P. Ry. Co.*, 12 Utah 45; *Ry. Co. v. Leak*, 163 U. S. 280; *Downey v. Gemini M. Co.*, 24 Utah 440; *Beaman v. Martha Washington Co.*, 23 Utah 139; Blashfield on Instructions to Juries, sec. 83.)

Requests that involve statements or terms that need explanation are properly refused, unless requests are also propounded explaining such expressions. (*Dickert v. S. L. C. R. R. Co.*, 20 Utah 400; *Boogher v. Neece*, 75 Mo. 383; *Derham v. Derham* [Mich.], 83 N. W. ——)

No particular definition of the word negligence is necessary and was sufficiently stated in instructions. (*Downey v. Gemini Mining Co.*, 24 Utah 438-441; *Smith v. Bank* [N. H.], 46 Atl. 230; *Birmingham v. Tennessee*, 28 Southern 679; *State v. Goff*, 61 Pac. 680; *Beaman v. Martha Washington Co.*, 23 Utah 139.)

Instructions must be considered together, and there is no error unless from the whole charge it is reasonably apparent that the jury were misled. (*Major v. O. S. L. R. R. Co.*, 21 Utah 150; *Konold v. R. G. W. Ry. Co.*, 21 Utah 397; *State v. McCoy*, 15 Utah 141; *Chapman v. Southern Pacific Co.*, 12 Utah 45.)

Appellant cannot request an instruction and then complain because the request is granted. (*Osborne v. Insurance Co.,* 23 Utah 436; *Davis v. Railway Co.,* 3 Utah 218; *People v. Gough,* 2 Utah 70; *Downey v. Gemini Mining Co.,* 24 Utah 440; *Chapman v. Southern Pacific,* 12 Utah 45; *Konold v. R. G. W. Ry. Co.,* 21 Utah 397.)

In taking exceptions to the instructions, the particular part of the instruction must be pointed out so that the court may have an opportunity to correct in case there is error involved in it. (*Mathews v. Daly-West Mining Co.,* 27 Utah 201; *Whipple v. Preece,* 24 Utah 372; *People v. Thiede,* 11 Utah 241, 159 U. S. 521.)

STRAUP, J.

1. This was an action brought by appellant against respondent to recover damages for an injury alleged to have been sustained by her while she was a passenger on a street car operated by respondent. On the part of the appellant it was shown that she had notified the conductor when he collected her fare that she desired to leave the car on the north side of a certain street, a usual stopping place; that the car stopped at said place, and whilst she was in the act of getting off the car was suddenly and without warning started, whereby she was thrown to the ground and injured. The respondent admitted that the appellant had given timely notice to have the car stopped at said place; it claimed, however, the conductor gave the signal to the motorman to stop, when the front end of the car (twenty to thirty feet in length) was at the north side of the street, but because of the downgrade, wet rails, and the trolley off, the motorman was unable to stop the car until it had reached the south side of the street, and claimed that the plaintiff attempted to alight from the car while it was in motion.

Among other things the court charged the jury:

"(5) It is the duty of a common carrier of passengers to give such passengers a reasonable opportunity to alight from its car, before starting the car; and if you find from the evidence that plaintiff, in the exercise of due care and prudence on her part, and while the car was standing still at a place where passengers might reasonably get off, was in the act of getting off from said car, and that the defendant, by its ser-

vants, started the car while plaintiff was so getting off, and before she had a reasonable time to do so, and without notice to her that the car was about to start, and thereby plaintiff was injured, then the defendant would be liable for the injury thus sustained by plaintiff.

"(6) You are instructed that even if you believe from the evidence in this case that the conductor failed or neglected to stop the car where requested by the plaintiff, or at its usual stopping place, still such failure or neglect would not justify the plaintiff in attempting to leave the car while it was in motion; and if you believe from the evidence that the plaintiff did attempt to leave the car while it was in motion, she did so at her own risk, and if she was injured by reason of such attempt, then she was guilty of contributory negligence, and cannot recover.

"(7) If you believe from the evidence that the plaintiff had notified the conductor to stop on the upper side of Fourth street, and that the conductor rang the bell for that purpose, and that the car immediately began to slow down, but that the plaintiff, without waiting for the car to come to a full stop, undertook to and did step from the car while in motion, and as a natural result thereof was injured, then your verdict must be for the defendant."

A verdict resulted in favor of the company, and the plaintiff appeals. Error is assigned with respect to the last two instructions.

2. We think them erroneous because of their effect in charging that one is guilty of negligence as matter of law in attempting to alight from a moving street car. The law has become well settled to the contrary.

"If a passenger attempts to leave a moving car running at a high rate of speed, the attempt will be so obviously dangerous that he cannot recover for injury occasioned thereby. It cannot be said, however, as matter of law, that it is negligent to alight from a moving car or to board it while in motion. The circumstances attending the act and the speed of the car make it a question of fact for the jury." (Nellis St. Rd. Acc't L. p. 190, citing numerous cases from courts of many states.)

Respondent in its brief conceded this to be the law, but contends that the instructions did not so charge. It is clear the effect of the charge is, that if the plaintiff attempted to leave the car while it was in motion, or if she stepped from it

before it came to a full stop, she was guilty of negligence, and to leave to the jury only to determine whether such act was a proximate cause of her injury. Such effect was charged in express terms by paragraphs 6 and 7. It was emphasized in paragraph 5 where the liability of the defendant was confined to its starting the car without notice while the plaintiff was alighting from the car standing still. Appellant cannot complain of paragraph 5 as far as it went, but it did not go far enough. The defendant would not only be liable under the facts therein stated, but likewise would be liable if, the car having slowed down in response to her notice of a desire to leave the same, plaintiff attempted to alight, and the speed and the surrounding conditions were such that the jury found it was not negligence to do so, and while making such effort to alight, the speed of the car was suddenly increased, by reason whereof she was thrown, and injured. Under the facts in the case it was not only the province of the jury to determine whether the act of the plaintiff in attempting to alight was a proximate cause of injury, but also to determine whether it was an act of negligence.

3. Appellant requested the court to charge: "That it is the duty of a street railway company engaged in operating street cars for the carrying of passengers to exercise a high degree of care and diligence to prevent accident to its passengers; that is, it must use the highest degree of care and diligence which is reasonably practicable under the circumstances of the case," etc. The court declined to give the request, and wholly failed to charge that such degree of care and diligence is owing by a common carrier to his passengers. The degree of care charged was only that of ordinary care; that is, "negligence consists in the doing of some act, or the omission to do some act or perform some duty which a reasonable and prudent person ought or ought not to do," and that "reasonable care and precaution, as mentioned in these instructions, means that degree of care and caution which might reasonably be expected from an ordinarily prudent person," etc. So far as the degree of care required of a common carrier of passengers, the jury was not given to understand that it was any greater than that required to be exercised by the defendant toward persons not passengers, or any greater than ordinary care. Street railway companies are common car-

riers of passengers, and, as such, are bound to exercise for the safety of their passengers more than ordinary care. The many different forms of expression used in the text-books, and by the courts, in stating the rule as to the degree of care required of a carrier in conveying passengers, all recognize substantially the same test; that is the highest degree of care, prudence, and foresight consistent with the practical operation of its road; or, as it is sometimes expressed, the utmost skill, diligence, care, and foresight consistent with the business, in view of the instrumentalities employed, and the dangers naturally to be apprehended, and that the carrier is held responsible for the slightest neglect against which such skill, diligence, care, and foresight might have guarded. (3 Thomp., Com. L. of Neg., sections 2722 to 2729; 2 Shear. & Redf., section 495; 5 Am. and Eng. Enc. L., 558; Nellis, St. Rd. Acct. L., section 6; Booth, St. Rys., section 328.) Appellant was entitled to have the law given to the jury substantially as in the request stated.

4. Complaint is also made because of the court's giving the following charge: "No presumption arises against the defendant from the mere happening of the accident to the plaintiff. The happening of the accident to the plaintiff and the injuries resulting therefrom are not any evidence of negligence on the part of the defendant." Such a charge may properly be given in many cases of negligence, especially those involving only ordinary care, and when the circumstances of the accident as described do not raise any presumption of negligence. But this is a case where the relation of carrier and passenger is shown to exist, and where the former owes the latter the highest degree of care, and where it is held responsible for slight negligence. "The happening of the accident to the plaintiff," as described by her; that is, an injury visited upon her by a sudden start or jerk of the car while she, as a passenger, was alighting therefrom, after it had stopped, in obedience to her request, to enable her to do so, constituted prima facie evidence of negligence under the rule *"res ipsa loquitur,"* and case upon the defendant the burden of showing that the accident took place either without its fault, or through the contributory negligence of the plaintiff. In speaking of presumptions as to negligence, and of the application of this rule, Mr. Nellis says:

"A *prima facie* case of negligence is made out by testimony of the plaintiff, that being a passenger on defendant's street car, she indicated her desire to leave it, which stopped to enable her to do so, and that while she was in the act of leaving, and before she could place herself safely on the ground, it started, and threw her." Nellis, St. Rd., etc., 576; 3 Thompson. Com. Neg., section 2830; *United Rys. & Elec. Co.* v. *Beidelman*, 95 Md. 480, 52 Atl. 913; *Consol. Tract. Co.* v. *Thalheimer*, 59 N. J. Law, 474, 37 Atl. 132; *Whalen* v. *Consol. T. Co.* (N. J. Err. & App.), 40 Atl. 645, 41 L. R. A. 836, 68 Am. St. Rep. 723; *Lincoln St. Ry.* v. *McClellan*, 54 Neb. 672, 74 N. W. 1074, 69 Am. St. Rep. 736; *N. Y. C., etc., R. R.* v. *Blumenthal*, 160 Ill. 40, 43 N. E. 809.; *Leeds* v. *Camden & Atl. R. Co.*, 53 N. J. Law, 233, 23 Atl. 169; *Pres., etc. Balto. & Yorktown T. R.* v. *Leonhardt*, 66 Md. 70, 5 Atl. 346; *Phila., Wilm. & Balto. R. R.* v. *Anderson*, 72 Md. 519, 20 Atl. 2, 8 L. R. A. 673, 20 Am. St. Rep. 483; *B. & O. R. R.* v. *State;* 21 Am. & Eng. Ry. Cas. 202; *Doolittle* v. *So. Ry.*, 62 S. C. 130, 40 S. E. 133; *Cooper* v. *Ga., etc., Ry.*, 61 S. C. 345, 39 S. E. 543; *Ky. & Ind., etd., Co.* v. *Quinkert* (Ind. Sup.), 28 N. E. 338; *Tex. & P. Ry. Co.* v. *Nunn*, 98 Fed. 963, 39 C. C. A. 364; *Bosqui* v. *Sutro R. R. Co.*, 131 Cal. 390, 63 Pac. 682; *Bridges* v. *North London Ry. Co.*, L. R. 6 Q. B. 377; Patterson, Ry. Acc't 438.)

Of course a mere fall of a passenger from a street car, or from the platform or steps of a car, without any evidence to show how it was occasioned, raises no presumption of negligence on the part of the street car company. But that was not the "happening of the accident to the plaintiff" as described by her. She gave evidence to show how her fall was occasioned, a sudden start or jerk of the car while she was alighting therefrom. In case of a carrier and passenger the rule of *"res ipsa loquitur"* applies not only to cases of collision, derailing, and upsetting of coaches, breaking of machinery, appliances, and the like, but also to the doing of acts by the servants operating the machinery, and to the management of instrumentalities over which the carrier has control, and for the management of which he is responsible. This rule was recognized by the court in paragraph 5 where its principles to some extent on the facts were charged, but were too narrowly confined. If the two charges be not inconsistent with each other, they certainly are misleading and confusing to the jury; for in the one instance the jury are told no presumption of negligence on the part of the defendant arises, while in the other they are told actual negligence appears from substantially the same things. In other words, in stating the case abstractly, the court said there was no presump-

tion of negligence, while in stating it concretely, there was not only a presumption of negligence, but actual negligence. Upon the plaintiff's theory of the case, the happening of the accident as described by her raised a presumption of negligence on the part of the defendant, and the court erred in instructing the jury otherwise.

For these reasons, the judgment of the court below is reversed, and a new trial granted; costs to be taxed against the respondent.

BARTCH, C. J., and McCARTY, J., concur.