Argued December 16, 1915, affirmed January 18, 1916.

# McGILCHRIST v. PORTLAND E. & E. RY. CO.*

(154 Pac. 419.)

**Appeal and Error—Evidence Inserted in Bill of Exceptions.**

1. During trial when an exception is taken to the ruling of the court upon the admission or exclusion of evidence, so much of the testimony as will enable the appellate court to fully understand the question involved must be copied into the bill of exceptions. However, if an exception relates to the giving of an instruction which, under the pleadings, would have been an improper application of the rules of law to the case under any view that might be taken, the error will be reviewed on appeal, though no testimony is incorporated in the bill of exceptions. (Approving *Raiha* v. *Coos Bay Coal & Fuel Co.*, 77 Or. 275 [149 Pac. 940].)

**Exceptions, Bill of—Court to Allow Brief Synopsis of All the Evidence.**

2. The law only requires that when a trial court settles and allows a bill of exceptions, and sets forth therein a brief synopsis of all the evidence received, such statement is adequate to a proper review of the instructions excepted to that had been given or refused.

**Carriers—Care Required to Prevent Injury to Passenger.**

3. A common carrier of passengers for hire owes to its patrons the very highest degree of care and foresight consistent with the practical operation of its road or the utmost skill, care and diligence consistent with its business, taking into consideration the instrumentalities employed and the dangers naturally to be apprehended.

**Negligence—When Doctrine of Comparative Negligence is Recognized.**

4. In this state the doctrine of comparative negligence is not recognized, except in cases where the relation of employer and employee exists, and as such relation was not maintained in the case at bar, no error was committed in modifying the first requested instruction.

**Trial—Modifying, Giving or Refusing Requested Instructions.**

5. In an action for personal injury against a street railroad by one injured while attempting to alight from its car after an invitation so to do by one in charge of such car, and by reason of the negligent starting of such car, threw plaintiff to the ground, causing the injury complained of, an instruction that if defendant opened the gate and plaintiff, in alighting, were exercising ordinary care, even though the car was moving, yet if by reason of the quick and unexpected jerk of the car plaintiff was thrown to the ground and injured, then defendant would be guilty of negligence and plaintiff might

---

*The matter of negligence in getting on or off a moving street-car is discussed in notes in 38 L. R. A. 786; 30 L. R. A. (N. S.) 270.

Reporter.

recover, unless plaintiff was guilty of contributory negligence, fairly expressed the requested instruction of plaintiff that, "if the car was slowed down to a slow rate of speed, so that an ordinarily prudent person would have thought it safe to alight, and plaintiff while attempting to alight was thrown by a sudden starting of the car he might recover so that its refusal was not error."

**Carriers—Alighting from Slowly Moving Car not Negligence Per Se.**

6. If a passenger attempts to leave a car moving at a high rate of speed, such attempt is so obviously dangerous as will preclude a recovery for an injury occasioned thereby. However, it is not negligence *per se*, for one to alight from a moving car. The circumstance attending the act and the speed of the car being a question of fact for the jury.

[As to duties and liabilities of street railroad companies to passengers alighting from car, see note in 118 Am. St. Rep. 471.]

**Carriers—Injury to Passenger—Instruction as to Contributory Negligence.**

7. In an action for personal injury by reason of the sudden starting of a street-car as the passenger was about to alight in a public highway that was not defective, except that the street had been rendered slippery by the rain, and where the plaintiff claimed there was an electric light near the place where the accident occurred, while the defendant claimed it was dark, an instruction that if it was so dark as to render it obviously dangerous for a person to alight at said point while the car was in motion, then plaintiff would be guilty of contributory negligence, was not erroneous.

**Appeal and Error—Sufficiency of Exception as to Instruction.**

8. In an action by a passenger for personal injury, an instruction failing to state that plaintiff's alighting from the moving car must have been the direct and proximate cause of his injury, in order to defeat a recovery, *held* not erroneous, where the exception was general and failed to call the court's attention to the legal principle insisted upon on appeal.

From Marion: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE MOORE.

This is an action by George McGilchrist, a minor, by William McGilchrist, his guardian *ad litem*, to recover damages for a personal injury. The complaint alleges, in effect, that the plaintiff, George McGilchrist, is a minor 18 years old, and his father, William McGilchrist, is his duly appointed guardian *ad litem;* that the defendant, the Portland, Eugene & Eastern Railway Company, is a corporation and engaged as

a common carrier in operating electric street-cars at Salem, Oregon; that on September 17, 1913, the plaintiff paid the regular transportation charge and was a passenger on one of its cars from the state fair grounds to a point on the public highway south of and beyond the corporate limits of that city, and opposite the house of his father, where the plaintiff then lived; that the defendant's agents and servants, knowing where he desired to get off the car, slackened its speed when nearing that place, opened the door of the car, and invited the plaintiff to alight, pursuant to which solicitation he stepped down upon the lower stair, and while in the act of getting off the defendant's agents and servants carelessly and negligently increased the speed of the car before the plaintiff had an opportunity to alight, by reason whereof he was thrown to the ground with such force as to fracture the femur at the hip, thereby permanently injuring him to his damage in the sum of $10,000.

The answer admits the defendant is a corporation, and that at the time stated the plaintiff was a passenger upon one of its cars from which he stepped when it was in motion and sustained an accident, but all the other averments of the complaint are denied. For a further defense it is alleged, in substance, that on September 17, 1913, the plaintiff was a passenger on one of the defendant's cars, and when it approached McGilchrist Street he left his seat, went to the rear, and gave a signal to stop the car, and while the speed was being diminished he carelessly and recklessly, and while the car was in motion before it had stopped, leaped to the ground, thereby sustaining an injury which resulted from his own negligence, and was not caused or contributed to by any carelessness of the defendant or of its agents or servants.

For a second defense the allegations of time, place and circumstances as hereinbefore stated in the answer are repeated, and it is averred that, while the speed of the car was being retarded, the plaintiff carelessly and recklessly, and while the car was in motion, voluntarily leaped to the ground, and thereby assumed the risk of injury.

The reply controverted the allegations of new matter in the answer, and the cause, having been tried, resulted in a verdict and judgment for the defendant, and the plaintiff appeals.                    Affirmed.

For appellant there was a brief with oral arguments by *Mr. John Bayne* and *Mr. John A. Carson.*

For respondent there was a brief over the names of *Mr. John F. Reilly, Mr. William D. Fenton, Mr. Ralph E. Moody* and *Mr. George G. Bingham,* with an oral argument by *Mr. Reilly.*

Opinion by Mr. Chief Justice Moore.

No transcript of the testimony given at the trial has been brought up. The bill of exceptions, however, states that evidence was received tending to substantiate all the controverted allegations of the complaint and to the effect that the speed of the car had been lowered to about two or three miles an hour for the plaintiff to alight, and when he was doing so the car was suddenly started, causing the injury charged, and that, when he was hurt, there was on the porch of his home, near where he was injured, an electric light which illuminated such place; that testimony was also introduced tending to prove all the disputed averments of the answer and to the effect that the plaintiff was hurt at the usual place of receiving passengers upon

and discharging them from the defendant's cars; that he was injured about 9:30 or 10 o'clock at night when it was raining; and that at such place there was then no light.

The court modified an instruction requested by the plaintiff's counsel as here indicated, to wit:

"The defendant being a common carrier of passengers for hire, it owes to its passengers the highest degree of care, prudence and foresight consistent with the practical operation of its road, or the utmost skill, diligence, care and foresight consistent with (the practical operation of its road, or the utmost skill, diligence, care and foresight consistent with) the business, in view of the instrumentalities employed and [the] danger naturally to be apprehended [and such carrier is held responsible for the slightest neglect against which skill, diligence, care and foresight might have guarded]."

Additions were made to the instruction, as denoted by the words embraced within parentheses, and that part of the language requested was omitted from the charge given, as indicated by the words included within brackets so displayed.

The following requested instructions were also denied:

"If you find that the car on which the plaintiff was a passenger was so nearly stopped that an ordinarily prudent person would have deemed it safe to alight therefrom, and while attempting to alight the plaintiff was thrown to the ground by the motorman in charge of the car suddenly starting it before the plaintiff had safely alighted, the plaintiff would be entitled to recover damages for the injury sustained, and your verdict should then be for the plaintiff for such sum under the evidence as you may deem the plaintiff entitled to in order to compensate him for the injury."

"The court further instructs you that it is not necessarily contributory negligence for a passenger to alight

from a moving street-car, and in considering the question of contributory negligence in this case, if you find that the defendant's car was slowed down to a slow rate of speed, such as an ordinarily prudent person would deem safe to alight from, and the plaintiff then attempted to alight from such car, he would not be guilty of contributory negligence.''

Exceptions were severally taken to the court's refusal to give the instructions so requested. An exception was also saved to a part of the general charge which reads:

''I instruct you that, if the place at which plaintiff alighted from defendant's car, if you find that plaintiff did alight from said car, was so dark as to render it obviously dangerous for a person to attempt to alight at said point from said car while the same was in motion, then plaintiff would be guilty of contributory negligence in so attempting to alight, which would bar any recovery by him in his action.''

It is contended that errors were committed in the respects mentioned. It is argued by defendant's counsel that, under the bill of exceptions herein, the alleged errors so assigned should not be considered unless it can be legally asserted that the requested instructions which were denied were essential, and that the part of the charge which was challenged was an improper expression of the law under any view of the case.

1. In *Raiha* v. *Coos Bay Coal & Fuel Co.,* 77 Or. 275 (149 Pac. 940), in discussing this matter, it is said:

''When an exception is taken to the ruling of a trial court upon the admission or exclusion of evidence, so much of the testimony as will enable the appellate court fully to understand the question involved must be copied in the bill of exceptions. If, however, an exception relates to the giving of an instruction which under the pleadings would have been an improper application of the rules of law to the case under any view that

might be taken, the error will be reviewed on appeal, though no testimony is incorporated in the bill of exceptions.''

To the same effect, see, also, *Parker* v. *Monteith,* 7 Or. 279; *State* v. *Jancigaj,* 54 Or. 361 (103 Pac. 54); *Willis* v. *Horticultural Fire Relief,* 69 Or. 293 (Ann. Cas. 1916A, 449, 137 Pac. 761); *State ex rel.* v. *Rider,* 78 Or. 318 (152 Pac. 497).

2. It will be kept in mind that the bill of exceptions sets forth a brief summary of the testimony received. Such statement of the evidence was evidently relied upon by the respective parties, and it is sufficient to illustrate the legal principles involved. A bill of exceptions would become a very cumbrous affair if it were essential to set forth therein all the evidence received in order to determine the sufficiency of instructions the giving or refusal of which had been challenged by proper exceptions. The rules of law do not require the performance of vain things, and when a trial court in settling and allowing a bill of exceptions gives therein a brief synopsis of all the testimony received, such statement is adequate to a proper review of challenged instructions that have been given or denied.

3. Considering the exceptions in the order hereinbefore stated, the first requested instruction is evidently predicated upon the language of Mr. Justice Straup in *Paul* v. *Salt Lake City R. Co.,* 30 Utah, 41 (83 Pac. 563, 565). If the court had given that part of the language so requested which reads, ''And that the carrier is held responsible for the slightest neglect against which such skill, diligence, care and foresight might have guarded,'' the question of plaintiff's alleged contributory negligence would have been wholly eliminated.

4. However careless the defendant may have been, as alleged in the complaint, if the plaintiff's heedless-

ness conduced to his injury, it would bar a recovery of damages for the hurt he sustained, for in this state the doctrine of comparative negligence does not obtain, except in cases in which the relation of employer and employee exists. As that relation did not obtain in the case at bar, no error was committed in modifying or refusing to give in its entirety the first requested instruction.

5. The bill of exceptions contains all the instructions given. In one part of the charge the court, referring to the plaintiff, said to the jury:

"If the defendant invited—if you should find from the facts in the case that he was to get off there, the gate was thrown open, and he was exercising ordinary prudence in getting off, even though the car was moving, if by reason of the quick and unexpected jerk of the car of the defendant he was thrown to the ground, not in the exercise of care which is required by the defendant as a carrier, and to which I shall call your attention—then the defendant would have been guilty of negligence in the act, and the plaintiff would be entitled to recover some damages at your hands."

It will be seen from the language last quoted that it fairly expresses the second requested instruction. When a court clearly announces a rule of law as a guide to the jury to enable them, from a consideration of the facts relating to a branch of the case, to determine an issue, it is unnecessary to give a requested instruction, though it may not contain the exact language of a part of the general charge. No error was committed in denying this request.

In another part of its general charge the court told the jury:

"You are instructed that, if you find that the defendant, through its servants and agents, knowing the place at which the plaintiff desired to alight, opened the door

of its car and slowed its car down to a slow rate of speed and invited the plaintiff to alight, while the plaintiff was in the act of alighting from the defendant's car, pursuant to such request and invitation, and the defendant, by its servants and agents, carelessly and negligently increased the speed of said car before the plaintiff had an opportunity of alighting safely, and that the plaintiff, by reason of the careless and negligent increase of the speed of the said car, received the injury alleged in the plaintiff's complaint, then you will find a verdict for the plaintiff in such sum as will compensate the plaintiff for such injuries sustained, unless you shall find by a preponderance of evidence that plaintiff was guilty of contributory negligence under the law as I shall explain it to you.''

6. An author, in discussing the danger incident to endeavors to alight from a car in motion, observes:

''If a passenger attempts to leave a moving car running at a high rate of speed, the attempt will be so obviously dangerous that he cannot recover for an injury occasioned thereby. It cannot be said, however, as a matter of law, that it is negligent to alight from a moving car or board it while in motion. The circumstances attending the act and the speed of the car make it a question of fact for the jury. Neither is the passenger bound to know that the place where he does alight is safe'': Nellis, Street Railroad Accident Law, 190.

The rule thus announced is recognized by the court in the part of its charge last quoted. It does not appear from the pleading or from the summary statement of the testimony set forth in the bill of exceptions that the plaintiff was ill, infirm or burdened with impediments of any kind, and, being 18 years old, his attempt to alight from a car moving at the rate of speed of only two or three miles an hour would not have been negligence *per se,* as inferentially admitted by the court: Nellis, Street Railways (2 ed.), § 363. If the at-

tempt to alight, under such circumstances, is made in the daylight, or at a place which is sufficiently illuminated at night, the rule stated would undoubtedly obtain. The part of the charge last repeated sets forth so much of the third requested instruction as was applicable to the issues and evidence involved, and no error was committed in denying such request.

7. The pleadings admit that the plaintiff was injured by falling upon a public highway. So far as disclosed, there was no defect in the place where the accident happened, except that it may reasonably be inferred that the street had been rendered slippery by the rain. The theory of the plaintiff was that an electric light on his father's porch near the street illumined the place where the accident happened, while the defendant maintained that it was then dark at such place, and that the night was dark and rainy. It will be remembered that in the part of the general charge to which an exception was taken the court, referring to the place where the injury occurred, told the jury:

If it "was so dark as to render it obviously dangerous for a person to alight at said point from said car while the same was in motion, then plaintiff would be guilty of contributory negligence."

The phrase "obviously dangerous," as thus employed, imports a greater degree of hazard than would appear to a person of ordinary prudence. It is believed the extent of peril so indicated, as being manifest from an attempt to alight from a moving car, under the attending circumstances adverted to, renders the part of the charge so challenged unobjectionable to the plaintiff on that ground.

8. Complaint is made because in the part of the charge under consideration the jury were not instructed that the plaintiff's alighting from the moving car

must have been the direct and proximate cause of his injury, in order to defeat a recovery. The fourth exception is general, and did not call the court's attention to the legal principle now insisted upon. No error was committed in giving the instruction thus challenged.

.It follows from these considerations that the judgment should be affirmed, and it is so ordered.

AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.