Argued January 18, affirmed February 29, 1916.

# JOHNSON *v.* PORTLAND RY., L. & P. CO.*

### (155 Pac. 375.)

**Carriers—Personal Injury—Question for Jury—Negligence.**

1. In a passenger's action for personal injury when the street-car from which she was alighting suddenly started, where the evidence creates a conflict as to defendant's negligence, the question is for the jury.

**Appeal and Error—Verdict—Conclusiveness.**

2. When a cause has been submitted to a jury under a proper charge by the court, and there is any evidence to support the verdict, the Supreme Court will not disturb it.

**Carriers—Alighting from Car—Contributory Negligence.**

3. It cannot be said as a matter of law that it is negligent to alight from a moving car, but the circumstances attending it and the speed of the car make it a question for the jury.

**Pleading—Discretion of Court—Trial Amendment.**

4. Under Section 102, L. O. L., permitting the court to allow amendments to the pleadings at any time before the cause is submitted, the trial court's refusal of an amendment to the complaint after argument was not an abuse of its discretion, where all the circumstances of the accident to the plaintiff, a passenger, appeared to have been explained to the jury as the pleading then was.

**Carriers—Instructions—Misleading Instruction.**

5. In a passenger's action for personal injury, where the charge was correct as far as it went, the plaintiff's request at the close of the charge to instruct that stepping from a slowly moving street-car is not negligence as a matter of law was properly refused, in view of the time when made, as it would be likely to be understood by the jury as a declaration that in any event such an act would not be negligence.

**Carriers—Passengers—Degree of Care.**

6. A common carrier owes to its passengers the highest degree of care, prudence and foresight consistent with the practical operation of its cars, or the utmost skill and care consistent with its business, in view of the instrumentalities employed and the danger naturally to be apprehended.

> [As to who are passengers in case of street-cars, see note in 104 Am. St. Rep. 589.]

**Trial—Request for Instruction—Necessity.**

7. Plaintiff, in an action against a street-car company for personal injury, if he desired an instruction as to the degree of care required of defendant, or upon any special phase of the case, should have framed and requested proper instructions.

---

*Negligence in getting on or off street-car in motion as a question of law or fact is discussed in notes in 38 L. R. A. 788; 30 L. R. A. (N. S.) 271.                                                    REPORTER.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by Louisa Johnson against the Portland Railway, Light & Power Company, a corporation, to recover $10,000 damages for a personal injury. The cause was tried to the court and jury and a verdict and judgment rendered in favor of the defendant. Plaintiff appeals.

On March 11, 1912, at about 5:30 o'clock P. M., Louisa Johnson became a passenger on one of the defendant's street-cars, paying her fare from Fifth and Washington Streets, in Portland, Oregon, to Alberta Street, where she alighted. The route of her car was from Fifth and Washington easterly to Second; thence northerly to Burnside; thence easterly to Union Avenue; thence northerly to Alberta Street. Where the two latter streets cross there are intersecting car lines with a switch, and the track on Union Avenue is double. The complaint alleges, in part, as follows:

"When the car on which plaintiff was a passenger reached the vicinity of Alberta Street, there was then in front of it another and a disconnected and independently operated car between the car upon which plaintiff was a passenger and Alberta Street. The car on which plaintiff was a passenger came to a dead stop. Thereupon this plaintiff started to debark from said car and was leaving the car from the front end, at the right-hand side thereof. In the said front end of such car was the motorman in charge of the propelling apparatus of said car, and the conductor of said car was in close proximity to this plaintiff and near the front end of said car or in the same. Plaintiff was accompanied on said trip by her daughter, and both plaintiff and her daughter were debarking at the place stated and passed immediately by the said motorman, and while plaintiff was in the act of alighting from such car and was just stepping to the paved street, the said car,

without notice or knowledge to plaintiff, or any warning or signal whatsoever given to plaintiff, was carelessly, recklessly, negligently and wrongfully, suddenly started forward with great force and violence by the servants in charge and control thereof, in such way and manner that the said car did not start gradually or easily, but lunged forward, and thereby this plaintiff was violently thrown from said car and precipitated to the hard-surfaced street beneath, whereby plaintiff was injured, bruised and contused about the body and limbs and was made sick and sore all over her body and was thereby caused to suffer, has suffered, and now suffers, grievous and extreme physical and nervous pain and anguish.''

In its answer the defendant denies the substance of the complaint, and in its affirmative defense sets up that the accident was caused by the negligence of plaintiff, in that she carelessly and negligently walked, stepped or jumped from the car while the same was in motion without informing the motorman or any other servant or agent of the defendant in charge of the car that she had any desire to alight therefrom, and that she did so without giving them any notice of what she intended to do.   The reply put in issue the affirmative allegations in the complaint.

There was a conflict in the testimony.   That of plaintiff tended to support the allegations of her complaint. She testified to the effect that on March 11, 1912, at about 6 o'clock P. M., she got off the defendant's car at the corner of Alberta Street and Union Avenue, she and her daughter being the last to leave it, the other passengers having left before it arrived at the place of the accident; that at the time of the accident the conductor was in the front end of the car; that the car ''stopped to a perfect standstill'' and she went to alight therefrom; that she was in front of her daughter; that she stepped down on the first step and was in the act

of stepping down to the street when the car gave a lunge and threw her down and injured her; that she went to the front end of the car to alight; that the car was an old-style one and not a "pay-as-you-enter." Her testimony was corroborated by her daughter, who stated, in substance, that the car had come to its regular stopping place and stopped before they attempted to alight, and just as they were in the act of stepping down from the car it started up again. On cross-examination, she stated that there was another car right at the corner just ahead of the one on which they rode; that if there had not been she supposed it would have gone ahead a bit about a car-length; that when the car stopped the second time it had gone about a car-length after the accident.

The gist of the evidence on the part of the defendant was as follows:

M. A. Hathaway, the motorman on the car, testified in part thus:

"Well, that evening we were coming out on the tripper, and we had one more trip to make, * * and just as we came up over Alberta hill north on the avenue, I seen about three or four cars at the intersection of Alberta and Union Avenue, and, in order to keep from stopping the car, * * I drifted along slow. * * I heard someone screaming when we were right close to the switch, probably a car-length and a half, and I stopped, and I seen a lady laying on the ground about the middle of the car on the outside about half a car-length. Whether this woman got off the car I couldn't say to save my life."

He stated that he had not made any previous stop before the accident and started up again.

John J. Seeley, the conductor, testified that when the accident happened he was standing on the seat changing his register, and the car was moving; that the first

he knew of the accident happening he heard someone holler, and the motorman stopped the car right quick, and he looked and saw the woman lying on the ground; that the place where the accident occurred was a car-length and a half from the usual stopping place; that the car going from Meagley Street north made no stop until this accident happened.

C. G. Ward, a mail-carrier, testified that he was standing on the curb on Union Avenue, about 80 feet south of the line of Alberta Street, and saw the accident happen; that the car was moving probably between two and three miles per hour when the plaintiff deliberately walked off the car, stepping backward; that he thought the street lights were on.

Mrs. Minnie Hall testified that she was standing on the corner of Union Avenue and Alberta Street when the car mentioned came up; that she saw the plaintiff get up in the car, walk out on the platform, and step off while it was moving slowly. It appears that it was rainy at the time.

Upon the trial of the case, after the argument to the jury and before the court charged that body, counsel for plaintiff requested and were denied an amendment of the complaint as follows:

"That the conductor of the said car knew that this plaintiff and her daughter were attempting to and would alight at Alberta Street, and took no care or precaution, gave them no warning or advice as to the situation or position of said car, and did nothing to prevent them from alighting at said place."

Affirmed.

For appellant there was a brief over the names of *Mr. Isham N. Smith* and *Mr. Edwin V. Littlefield,* with an oral argument by *Mr. Smith.*

For respondent there was a brief over the names of *Mr. F. J. Lonergan* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Lonergan.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is contended by counsel for plaintiff that there was no evidence justifying the verdict; that under the evidence of the plaintiff, as well as that of the defendant, there could be but one verdict in the case, namely, for the plaintiff, that is, whether the car had stopped before plaintiff attempted to alight, or was moving slowly at the time she stepped therefrom. The evidence above stated discloses a conflict or dispute as to the main allegations of negligence in the complaint. It therefore became a question for the jury to determine from all the facts and circumstances of the case. Considering plaintiff's claim based upon the evidence of defendant, the following rule would be applicable and is as favorable to plaintiff as can be stated: If two inferences may be fairly and legitimately drawn from the evidence, one favorable and the other unfavorable to a party, a question is presented which calls for the consideration of the jury. Such a case cannot be determined by the court as a matter of law: *Anderson* v. *North Pac. Lbr. Co.,* 21 Or. 281 (28 Pac. 5); *Manning* v. *Portland Shipbuilding Co.,* 52 Or. 101 (96 Pac. 545); *Devroe* v. *Portland Ry., L. & P. Co.,* 64 Or. 547, 555 (131 Pac. 304). The verdict precludes plaintiff's claim as to this phase of the case.

2, 3. It is now the settled law in this state that, where a cause has been submitted to a jury under a proper charge by the court and there is any evidence to support the verdict, the court will not disturb the finding. We have no authority to decide as to the weight of the evidence: *Love* v. *Chambers Lbr. Co.,* 64 Or. 129 (129 Pac. 492); *Zobrist* v. *Estes,* 65 Or. 573 (133 Pac. 644);

*Wasiljeff* v. *Hawley Paper Co.,* 68 Or. 487 (137 Pac. 755); *Saxton* v. *Barber,* 71 Or. 230 (139 Pac. 334). The contention of the plaintiff upon this appeal amounts to an assertion that she was entitled as a matter of law to a directed verdict in her favor. This claim cannot be conceded: *Smitson* v. *Southern Pacific Co.,* 37 Or. 74 (60 Pac. 907), relied upon by plaintiff, does not contravene the rule here stated, but supports the same. The fact that there is strong contradictory evidence does not change the rule: *Wills* v. *Palmer,* 58 Or. 536 (115 Pac. 417). While it cannot be said as a matter of law that it is negligent to alight from a moving car, the circumstances attending the act and the speed of the car make it a question for the jury: *McGilchrist* v. *Portland E. & E. Ry. Co.,* 79 Or. 91 (154 Pac. 419, 421); Nellis, Street Railroad Accident Law, 190. The jury evidently concluded that plaintiff carelessly stepped from the car before it reached its regular stopping place and while it was moving so that it was not safe for her to do so under the circumstances, and without fault on the part of the defendant's servants. It appears to have been rainy at the time and growing dark.

4. The matter of amendment of the complaint was discretionary: Section 102, L. O. L. All the circumstances of the accident appear to have been explained to the jury as the pleading then was, and we cannot say that there was an abuse of discretion by the trial court.

5. Counsel for plaintiff complain of the instruction of the court as to the negligence and degree of care on the part of the defendant. As we understand, it was conceded at the time of the trial that the charge to the jury was correct as far as it went. At the close of the charge plaintiff's counsel stated:

"We ask the court to instruct the jury that stepping from a slowly moving street-car is not negligence as a matter of law."

This was refused, and plaintiff's counsel reserved an exception. This requested instruction would be likely to be understood by the jury as a declaration that in any event such an act would not be negligence. The jury ought not to be required to make nice technical distinctions. The request was not in proper form for the jury to understand, and the trial court should not be required during the closing moments of a trial to frame instructions. There was no error in the refusal.

6, 7. A common carrier owes to its passengers the highest degree of care, prudence and foresight consistent with the practical operation of its car line, or the utmost skill and care consistent with its business, in view of the instrumentalities employed and the danger naturally to be apprehended: *McGilchrist* v. *Portland E. & E Ry. Co., ante,* p. 91 (154 Pac. 419). We find no request for instructions prepared by plaintiff except the one noted above. If the plaintiff desired the trial court to instruct the jury as to the degree of care required of defendant or upon any other special phase of the case, proper instructions should have been framed and requested. We do not believe from the record that a more specific charge would have changed the result.

Finding no error in the record, the judgment of the lower court is affirmed.    Affirmed.

Mr. Chief Justice Moore, Mr. Justice McBride and Mr. Justice Harris concur.