Motion to dismiss submitted on briefs December 24, denied December 29, 1914.
Argued on the merits February 24, affirmed March 14, 1916.

# STRICKLER *v.* PORTLAND RY., L. & P. CO.*

(144 Pac. 1193; 155 Pac. 1195.)

**Appeal and Error—Notice—Time for Service—"Within the Day."**

1. In view of Section 201, L. O. L., providing that judgment in conformity to the verdict shall be entered by the clerk "within the day" on which verdict is returned, the term "within the day," meaning within 24 hours, where verdict was returned December 5th at 5:25 P. M. and judgment entered December 6th at 2:10 P. M., a notice of appeal served and filed February 4th was within the 60 days from the entry of judgment.

## ON THE MERITS.

**Appeal and Error—Presenting Questions in Trial Court—Challenges to Jury.**

2. Under Section 117, L. O. L., providing that no challenge shall be made or allowed to a jury panel, a complaint that the cause was tried before special jurors cannot be considered on appeal, where none of the jurors was challenged.

[As to right to interpose challenge to array of jurors in absence of statute, see note in **Ann. Cas. 1912A, 1137.**]

**Appeal and Error — Record — Questions Presented for Review — Evidence Excluded.**

3. Under Section 171, L. O. L., requiring an exception to state the objections with so much of the evidence or other matter as is necessary to explain it, and no more, where a bill of exceptions does not disclose the answers which plaintiff expected to excluded interrogatories to witnesses, the Supreme Court cannot determine whether they would have been favorable to plaintiff.

**Negligence—Actions—Admissibility of Evidence—Subsequent Conditions.**

4. In an action for causing death, subsequent changes or repairs cannot be proved to show antecedent negligence, but, where the jury have viewed the premises, evidence of any alteration since the injury is admissible.

**Appeal and Error—Review—Harmless Error—Exclusion of Evidence.**

5. In an action for causing death, any error in excluding evidence of conditions at the place of the accident subsequent to the event where the jury viewed the premises was cured by the admission of evidence describing the conditions at the time of the accident.

---

*On subsequent repair or removal of defect or obstruction in street as evidence of negligence, see note in 20 L. R. A. (N. S.) 667.

Generally on evidence of repairs made or precautions taken after accident, see note in 32 L. R. A. (N. S.) 1127.          REPORTER.

Railroads—Accidents at Crossings—Actions—Questions for Jury.

6.   In an action for causing death in a railroad crossing accident, evidence of decedent's contributory negligence *held* sufficient to take the question to the jury.

Trial—Questions of Fact—Sufficiency of Evidence.

7.   Where more than one inference may be drawn legitimately from the evidence, one favorable and the other unfavorable to the party having the burden of proof, the question is for the jury, and this rule is applicable to plaintiff as well as defendant.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by C. F. Strickler, administrator of the estate of Ed. Wechter, deceased, against the Portland Railway, Light & Power Company, a corporation. On motion to dismiss appeal.   DENIED.

*Messrs. Griffith, Leiter & Allen,* for the motion.

*Mr. W. A. Burke* and *Mr. J. C. Simmons, contra.*

In Banc.   MR. JUSTICE MOORE delivered the opinion of the court.

1.   This is a motion to dismiss an appeal on the ground that the notice thereof was not served within 60 days from the time the judgment was rendered.   It appears from the affidavits of plaintiff's counsel that the cause having been tried and submitted to the jury they returned a verdict herein for the defendant on December 5, 1913, at 5:25 P. M., and after the clerk's office had been closed for the day.   The certificate of the clerk shows that the judgment was entered on the following day at 2:10 P. M.   The notice of appeal was served and filed February 4, 1914.   The statute prescribing the time of rendering and recording judgments as far as involved herein reads:

"If the trial be by jury, judgment shall be given by the court in conformity with the verdict and so entered by the clerk within the day on which the verdict is returned": Section 201, L. O. L.

In *Casner* v. *Hoskins,* 64 Or. 254, 281 (128 Pac. 841, 850), in referring to such enactment, it is said:

"This clause of the statute was probably designed to create a lien as soon as possible after a verdict is rendered, but whether the provision is mandatory or ministerial is not deemed to be important, for the term 'within the day' evidently means within 24 hours, otherwise a verdict returned just before midnight would be ineffectual unless a judgment could be entered thereon before the close of the last moment of that day. Such a rule would be a travesty on justice."

The notice was served within the time limited, and this being so, the motion is denied.

MOTION DENIED.

---

Affirmed March 14, 1916.

ON THE MERITS.

(155 Pac. 1195.)

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by plaintiff, as administrator, for damages for the wrongful death of one Ed Wachter. The cause was tried before a jury, and resulted in a verdict for defendant. From a judgment thereon, the plaintiff appeals.

The defendant corporation operates a system of electric street-car lines over various streets and thoroughfares in and out of the City of Portland, Oregon, particularly from Oregon City and Milwaukee to Portland. Between the two latter towns there is a station by the name of Ardgour where a street or public thoroughfare which is much traveled crosses defendant's railway track. South of Ardgour there is a sign which reads, "Six miles per hour," indicating that it is the duty of one in charge of a car coming from a

southerly direction and before approaching the crossing to slow down to that rate of speed. On or about August 27, 1913, while driving a wagon in a westerly direction along this public highway, and while in the act of crossing defendant's track at Ardgour station, Ed Wachter, deceased, was struck by defendant's car, causing injuries from which he died. The allegations of negligence in the complaint are to the effect that defendant then and there operated a car or cars at an unreasonable and excessive rate of speed in respect to the character of the place where the decedent was injured, and greatly in excess of 6 miles an hour, to wit, about 30 miles an hour; that it failed to stop the car after the motorman in charge thereof saw or by the exercise of reasonable prudence should have seen the decedent in actual or apparent danger. The defendant denies any negligence on its part, and alleges contributory negligence on the part of the plaintiff's decedent to the effect that he carelessly and negligently, without looking or listening to ascertain if any train was approaching the railroad crossing, and without keeping any proper lookout, suddenly and unexpectedly drove his horse and wagon at a fast trot in a westerly direction out upon the crossing and the car tracks of the defendant immediately in front of and into a north-bound train, thereby causing the collision, without fault on the part of defendant's servants.

The reply put in issue the new matter of the answer.

Upon the trial of the cause R. E. Maple, a passenger on the car at the time of the accident, after describing the 6-mile slow down sign, testified that there was no signal bell at the crossing at the time; that he did not hear any gong sounded as they neared the crossing. Thereupon he was asked the following:

79 Or.—34

"Has there been a bell installed or a signal installed out there, and if so, by whom, and on what part of the right of way?"

To this question an objection was interposed by defendant's counsel and sustained by the court. Plaintiff's counsel saved an exception thereto and assigns the ruling as error. No answer was tendered by plaintiff, and the record does not disclose whether or not the witness could testify in regard to the matter. Walter Glisan, witness for plaintiff, who identified certain photographs of the premises, stated that he was on the golf links near the crossing in question at the time of the accident; that he saw the car just before the accident happened and turned and then heard the crash; that he heard no whistle sounded. During his examination the following question was asked him: "Did you hear any block signals ringing out there [at] the crossing?" To this defendant's counsel interposed an objection, which was sustained, and plaintiff saved an exception thereto. Glisan stated that the car made no safety stop at that time. In answer to the question, "Was there anything at the crossing?" the witness stated: "A little house, to the south, and a railroad crossing sign, and a post; * * that is all." He was then asked: "Have they made such safety stops since then?" To this interrogatory an objection was made by defendant's counsel which was sustained by the court and plaintiff's counsel reserved an exception. The court thereupon stated: "The court will not permit him to testify to anything subsequent to that accident." No answers were tendered by the plaintiff to either of the questions to which objection was made.                                          Affirmed.

For appellant there was a brief with oral arguments by *Mr. W. A. Burke* and *Mr. J. C. Simmons.*

For respondent there was a brief over the names of *Mr. Leslie Craven* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Craven.*

Mr. Justice Bean delivered the opinion of the court.

2. Plaintiff complains for the reason that the cause was tried before special jurors. No objection to any particular juror or to the jury is contained in the record. Section 117, L. O. L., provides that no challenge shall be made or allowed to a panel. None of the jurors having been challenged, we cannot consider this matter.

3–5. Plaintiff maintains that, as the jury viewed the place where the accident occurred, the trial court committed reversible error in not admitting evidence of repairs and alterations of the premises made subsequent to the injury. In this connection the bill of exceptions does not disclose answers which plaintiff expected the interrogatories would elicit; therefore we are unable to determine whether the same would have been favorable to the plaintiff. Section 171, L. O. L., requires the objections to be stated with as much of the evidence or other matter as is necessary to explain it but no more: See *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12, 991); *West* v. *McDonald,* 67 Or. 551 (136 Pac. 650); *State* v. *Bartmess,* 33 Or. 110 (54 Pac. 167).

The record shows that the condition of the premises where the accident happened, as they existed at the time of the injury, was plainly described to the jury by the witnesses and shown by the photographs exhibited, so that the jury could not have been misled in that regard. It was also shown that the cars in

question made no "safety stop" at that time and place. The inquiry as to whether the cars made such stops since the accident would not tend to aid the jury in the examination of the *locus in quo;* and such evidence was not competent to show negligence prior to the occurrence of the alleged injury.

It is a fundamental proposition that subsequent changes or repairs cannot be proved to show antecedent negligence; but, where the jury have viewed the premises, evidence of any alteration made thereon since the injury is admissible: *Foster* v. *University Lbr. & Shingle Co.,* 65 Or. 46 (131 Pac. 736, 742); *Cameron* v. *Gypsum,* 73 Or. 510 (144 Pac. 446). The ruling of the trial court clearly indicated that it was not intended to exclude any evidence as to conditions prevailing at the place of the injury prior to the event. If there was any error in excluding the evidence referred to, it was cured by the introduction of other evidence describing the conditions at the crossing.

6. Plaintiff's counsel contend that there is no evidence to support the verdict. Edward Price, the motorman on the car, and witness for defendant, testified to the effect that as he approached the crossing on the occasion mentioned he saw the wagon when about 9 feet away from it; that the decedent drove out from behind a cluster of bushes in front of the car with a whip in hand, and the horse was trotting; that the wagon was hit, and they found the man under the pilot of the car; that he blew the whistle and rang the gong about a minute before he reached the crossing; that he was running not over 15 miles an hour. Harold Wood, a boy 14 years of age, who was on the golf links near the scene at the time, testified in part that he saw the wagon when it was 8 or 10 feet from the track; that the horse was going a good trot, and the driver

looking straight ahead; that he saw the man drive on to the track; that just as the car hit him he was pulling back on the reins; that he had seen the wagon before that as it came along toward the golf links almost parallel with the track, and the horse was trotting then; that the car was going about 25 miles an hour. Other witnesses testified that the whistle was blown before the train reached the crossing. There was evidence tending to show contributory negligence on the part of plaintiff's decedent in that he failed to look and listen for an approaching train or to take necessary precautions before attempting to cross the track. The question of contributory negligence, therefore, was properly submitted to the jury, and the verdict thereon is conclusive. We cannot decide as to the weight of the evidence: *Wasiljeff* v. *Hawley Co.,* 68 Or. 487 (137 Pac. 755); *Saxton* v. *Barber,* 71 Or. 230 (139 Pac. 334).

7. It is a well-settled rule that, where more than one inference may be drawn legitimately from the evidence, one favorable and the other unfavorable to the party having the burden of proof, the question is for the determination of the jury: *Devore* v. *Portland Ry., L. & P. Co.,* 64 Or. 547 (131 Pac. 304, 4 N. C. C. A. 533, note); *Johnson* v. *Portland Ry., L. & P. Co.,* 79 Or. 403 (155 Pac. 375). This rule is applicable to the plaintiff as well as to the defendant.

Finding no reversible error in the record, the judgment of the lower court is affirmed.   AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.