### DAVIS, Director General and Agent, v. REYNOLDS.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1922.)

No. 1915.

1. Evidence ⬅474(11)—Injured brakeman competent to give opinion that smoothness of step was cause of injury.

It was competent for an injured experienced brakeman to testify that a jerk of the engine would not have been sufficient to throw him from a sill step, but for the slickness of the step.

2. Master and servant ⬅111(1)—"Secure sill steps," within federal act, defined.

Act Cong. 1910, § 2 (Comp. St. § 8618), requiring that all cars must be equipped with "secure sill steps," means steps that furnish secure footing for employees having to use them, in view of Act Cong. 1911, § 2, as amended by Act 1915, § 2 (Comp. St. § 8639b).

3. Master and servant ⬅286(12)—Negligence in failing to provide secure step held for jury.

Whether slickness of sill step on engine rendered the step not a "secure" one, within Act Cong. 1910, § 2 (Comp. St. § 8618) and Act 1911, § 2, as amended by Act 1915, § 2 (Comp. St. § 8639b), held for the jury.

4. Master and servant ⬅204(2)—Risk of unsafe step not assumed under federal statute.

Brakeman on an interstate railroad did not have the duty imposed on him to inspect steps on an engine, and could not, under the federal statute, be charged with assumption of risk of an insecure or unsafe step, notwithstanding rules of the railroad admonishing him to take no risks.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Evidence** ⊜⟹194—**Exclusion of car step not error, in absence of positive identification.**

In action by brakeman for personal injuries, court did not err in refusing to allow defendant railroad to introduce in evidence a sill step tendered, where there was no positive identification of it as the step from which the plaintiff fell; its exclusion being within the discretion of the court.

6. **Appeal and error** ⊜⟹1056(1)—**Exclusion of evidence held harmless.**

Complaint cannot be made of refusal of court to allow defendant to introduce in evidence a sill step from which plaintiff servant fell, and which he claimed was defective, where the step was before the jury, and the witnesses referred to it frequently, and it had just as much influence on the verdict as if it had been formally received in evidence.

7. **Master and servant** ⊜⟹296(16)—**Instruction on contributory negligence held not misleading.**

In action by brakeman for injuries from a defective sill step, an instruction that, if the jury believe from a preponderance of the evidence that the injury suffered by the plaintiff was due entirely to his negligence, "and was not due in whole or in part to the condition of the tread of the sill step, as shown by the preponderance of the evidence," then they must find for the defendant, could not have misled the jury, though it would have been better to have left out the quoted clause.

Knapp, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Action by John Wiley Reynolds against James C. Davis, Director General and Agent under the Transportation Act of 1920 (41 Stat. 456), operating the Atlantic Coast Line Railroad. Judgment for plaintiff, and defendant brings error. Affirmed.

Certiorari denied 257 U. S. ——, 42 Sup. Ct. 383, 66 L. Ed. ——.

Edwin P. Cox, of Richmond, Va., and Bernard Mann, of Petersburg, Va. (Wm. B. McIlwaine, of Petersburg, Va., on the brief), for plaintiff in error.

S. Heth Tyler, of Norfolk, Va. (James Mann and Mann & Tyler, all of Norfolk, Va., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. In the afternoon of January 8, 1920, the plaintiff, John W. Reynolds, a brakeman, fell from the step in front of a freight engine and lost his arm. He recovered judgment on the allegation that the accident was due to the negligence of the Director General of Railroads in not furnishing a "secure sill step" on the buffer beam of the engine as required by the safety appliance statute as amended in 1910 (Comp. St. §§ 8617–8619, 8621–8623). Error is assigned in the admission of testimony, in refusal to direct a verdict for the defendant, and in instructions to the jury.

There is no dispute as to the general facts. Plaintiff, who is an experienced brakeman, gives this account of the accident:

"At Ahoskie, N. C., after we got in there that afternoon, we were making to switch out on the warehouse track. I went in there with the engine headed down the warehouse track, coupled the cars, and the brakeman, Parker,

cut off several cars back and signed me out. I stepped on the sill step of the engine and continued riding until I got down on the main line switch. Then coming out of the warehouse track, or just approaching the Main street crossing at Ahoskie, and when he started back pulling the slack out, of course, on the cars, it caused a jerk, and both feet slipped off the sill step, and I had hold of the lift lever across the pilot of the engine, which is used for a grab-iron, and both hands holding on to it, and when I slipped I lost my hand, and it threw me in the same direction the engine was going, and I fell parallel with the rail, and my arm flew out to catch myself, and this arm [left] went across the rail, and it was cut off at the elbow, all except a little."

The sole breach of duty imputed to the defendant was allowing the sill step on the engine to become slick from use, and therefore unsafe and insecure. There was evidence to the effect that the defendant roughened such steps in front of the engine by nicks on the surface, so that they would afford more secure foothold against sudden movement and jerks of the train; that in this instance defendant had allowed the nicks to be worn down by use without renewing them, so that the step had become slick. The evidence also tended to prove that the jerk was not unusual. In answer to the question. "What caused you to fall?" plaintiff was allowed to testify over objection:

"The only thing I know was a jerk; the jerk I got was not sufficient to jerk my feet off the sill step, if it had been rough, or had not been slick. The jerk that he gave was not sufficient to have thrown me off, if the step had been rough, and not so slick."

[1] It is often difficult to draw the line between evidence which is really expressive of opinion on the issue before the jury and evidence which, though in form opinion, is really a statement of the impression of fact produced on the sense of sight or hearing or feeling. The evidence here is near that dividing line. It seems to mean, however, that the plaintiff had the physical feeling at the time that the jerk did not break the hold of his hands but made his feet slip from a step which was not rough enough to prevent slipping. The plaintiff was evidently in a much better position to tell the cause of the fall than the jury. But, even regarded as opinion evidence, it was competent for the plaintiff, an experienced brakeman, to testify that the jerk of the engine would not have been sufficient to throw him, but for the slickness of the step.

[2] The case is very close the border line, also, on the question whether the evidence of the defendant's breach of duty was adequate to make an issue for the jury. Section 2, Act of 1910, Barnes' Federal Code, § 8036 (Comp. St. § 8618), provides:

"All cars must be equipped with secure sill steps and efficient hand brakes."

The contention of defendant is that "secure," as used in the statute is not the equivalent of safe, but means securely fixed or fastened, so that it will not fall or break in use—that is, safe as to strength, stability, firmness—and that the defendant had met its duty under the statute when it securely fastened a step of the material and dimensions required by the Interstate Commerce Commission.

Under this restricted definition, placing a step unsafe because inclined downward, or lower on one side than the other, would not be

a violation of the statute. "Secure steps" means steps which furnish secure footing for employees having to use them. This is made the more evident by the broad language of section 2, Act of 1911, 36 Stat. 913 (Barnes' Code, § 8047), as amended by section 2, Act of 1915, 38 Stat. 1192 (Barnes Code, § 8056 [Comp. St. § 8639b]), which prohibits carriers from using a locomotive unless it and all its parts are in "proper condition and safe to operate" in the service to which they are put.

[3] Evidently there is greater danger of slipping from a step in front of the engine than one on the side of the car, because a sudden jerk in that situation backwards tends more strongly to throw the feet and whole body directly away from the car. It was probably in recognition of this danger that the defendant had the engine steps made rough by nicking. It was for the jury to say whether the slickness of the step described by the witnesses made it an insecure and unsafe footing, in view of the sudden jerks to be expected. The court was therefore right in submitting to the jury as the vital issue whether the step furnished a safe and secure footing.

[4] The plaintiff testified he did not examine the step and did not know its condition. The duty to inspect the step was not imposed on him, and he cannot under the statute be charged with assumption of risk of an insecure or unsafe step. Hence the rules of the defendant admonishing him to take no risks were not relevant to any issue in the case, and there was no error in excluding them.

[5, 6] The assignment of error in refusing to allow the defendant to introduce in evidence the sill step tendered cannot be sustained for two reasons: First, there was no positive identification of it as the step from which the plaintiff fell, and it was therefore within the discretion of the court to exclude it; and, second, the step was before the jury, the witnesses referred to it frequently, and it doubtless had just as much influence on the verdict as if it had been formally received in evidence.

[7] We think the criticism of the following instruction is too refined:

"2. The court further instructs the jury that, if they believe from a preponderance of the evidence that the injury suffered by the plaintiff was due entirely to his negligence, *and was not due in whole or in part to the condition of the tread of the sill step, as shown by the preponderance of the evidence*, then they must find for the defendant."

It might have been better to leave out the last clause, which we have italicized; but it was only stating the converse of the first clause, and we think could not have misled the jury.

The requests of the defendant, not charged in substance, are disposed of by the discussion of request for a directed verdict.

Affirmed.

KNAPP, Circuit Judge (dissenting). I am unable to concur in affirming the judgment in this case, because it seems plain to me that negligence cannot be predicated upon the proven condition of the sill step in question. Admittedly, all that can be said against it is that the

tread, originally made rougher than any law or regulation requires by punching a few "nicks" on its surface, had become by wear a little smoother than it was at first. The tread proper showed no appreciable wear; but the tips of the nicks, or some of them, had partially worn off, the necessary result of use, even for a short time, as undisputed testimony shows. In every other respect it was the same as new. It had been inspected daily by defendant's agents, and at least quarterly by the government's agents, the last time within three months, and apparently no one who saw it before the accident ever had a thought that it was not in proper condition. It was continued in use without change till just before the trial, more than 15 months, and then produced in court to show for itself. The legal proof of its identity may not have been sufficient to make it admissible in evidence, but there is no moral doubt that it was the same step. Certainly no witnesses for plaintiff undertook to say that it was not the same, or that it was in any better condition than the step he saw when the accident happened. To hold that such a slight departure from perfection as here appears, necessarily caused by a brief period of use, permits an inference of negligence is to hold, as seems to me, that defendant was bound to keep this step continually new, which would be practically impossible, and in effect to hold that in the matter of safety appliances the railroad company is an insurer, which, of course, is not the law.

I am of opinion that a verdict should have been directed for the defendant.