Submitted on briefs at Pendleton May 9, affirmed September 17, 1929.

# FRANK GABEL, Administrator, v. FRANK OLIVER et al.

(280 Pac. 496.)

For appellants there was a brief over the name of *Messrs. Emmons, Lusk & Bynon.*

For respondent there was a brief over the name of *Messrs. Van Vactor & Butler.*

COSHOW, C. J.—On cross-examination Evans, a witness in behalf of plaintiff, testified as follows:

"Q. Do you remember talking to Mr. Oliver about this accident at an occasion subsequent to the occasion of the accident?  A. Afterwards?
"Q. Yes.  A. Not very much.

"Q. Do you remember his saying to you that the oncoming Dodge coupe was coming right down the middle of the road? A. No, sir.

"Q. You don't remember his saying that. You remember your saying to him, yes, he was crowding the white line a little bit, or words to that effect? A. He was on his side of the line when I noticed him.

"Q. Please answer my question, Mr. Evans: Do you remember having such a conversation with Mr. Oliver? A. No, sir.

"Q. You don't recall it? A. No, sir.

"Q. You never did have a conversation with him about this accident so far as you can remember? A. Well, I spoke of it about twice, and he was not inclined to talk about it. That was at the scene, and I did not say no more.

"Q. The conversation that I have just adverted to, Mr. Evans, was at the scene of the accident; do you remember making any such statement as I have told you about? A. No, sir."

When the defendant, Oliver, was on the stand as a witness for appellants, the following took place, as revealed by the bill of exceptions (pp. 3 and 4):

"Q. Did you have a conversation with Mr. Evans, who has testified here this afternoon, about the position of Mr. Gabel's car as it came down the highway just immediately before the accident? A. A short conversation.

"Q. What was said about that?"

■ ■ The court was correct in sustaining the objection to the question: "What was said about that?" propounded to defendant Oliver. The questions intended to lay a foundation for impeaching the witness Evans were indefinite and uncertain. The learned judge presiding at the trial is an experienced judge. In answer to the remark of the counsel for defendant the court said: "You did not lay any foundation for any conversation with this man. You did lay a

foundation for a conversation with yourself.'' Careful reading of the testimony reveals that witness Evans was not asked whether or not he made a certain statement to defendant Oliver giving the time, place and persons present: *State* v. *Miller,* 119 Or. 409, 420 (243 Pac. 72). Another reason why the objection was well taken is that the witness produced for the purpose of impeaching another witness must be asked substantially the same question propounded to the witness to be impeached. There was no effort on the part of counsel for defendants to propound to defendant Oliver the question intended to have been propounded to witness Evans. A slight attention to the statute would enable counsel to propound impeaching questions so that no error could be predicated on laying foundation for impeaching a witness and asking impeaching questions: Or. L., § 864.

■ The second alleged error is based on defendants' contention that there is no evidence of any damage to the estate of Harold T. Gabel, deceased. The evidence set out in defendants' brief is to the effect that said decedent, Harold T. Gabel, was thirty-one years old, by occupation a druggist conducting a business at The Dalles, earning from $2,000 to $3,000 a year, that he was a man of good habits, thrifty and in good health. He left an estate of some $5,000 to $7,000. This amount is a good start toward accumulating property for one of the age of decedent. The appraisement of his estate had not been completed at the time the trial was conducted. This is sufficient evidence to take the case to a jury, and the finding that his estate was damaged in excess of $7,500 must be sustained. It is never possible for a witness to testify to the damage to an intestate's estate by the death of decedent nor for a trier of facts to deter-

mine that amount with mathematical accuracy. The appellants do not present any error and the judgment is affirmed. AFFIRMED.

BROWN, J., absent.