WOCK v. WHEELING & L. E. RY. CO.
No. 5990.

Circuit Court of Appeals, Sixth Circuit.
Nov. 11, 1932.

J. J. Tetlow, of Youngstown, Ohio, and Rufus Day, of Cleveland, Ohio (Day & Tetlow, of Cleveland, Ohio, and Myron T. Brenneman, of Orrville, Ohio, on the brief), for appellant.

A. E. Powell, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

Appeal from a judgment entered upon a verdict for appellee in an action under section 2 of the Federal Safety Appliance Act (U. S. C., title 45, § 2 [45 USCA § 2]). Appellant was a brakeman, and both he and appellee were engaged in interstate commerce at the time of his injury. The petition averred, and appellant testified, that a train, consisting of the engine, a box car, and a caboose, was moving westwardly upon the main track; that he was directed to cut off the car and caboose while the train was in motion, so that while the engine proceeded along the main line the car and caboose would run over a switch onto another track. Appellant testified that he mounted the northwest corner of the box car next to the engine, that he stood with one foot in the stirrup, and holding to the ladder of the car with his left hand, reached down and grasped the coupling lever with his right and pulled, but that the uncoupling was not made; that he leaned over and placed his body between the car and tender to a point below his shoulders, and pulled again, with no better result; that he repeated this operation, leaning further in each time, until upon the fourth pull the coupling pin came out with a jerk and threw him to the ground, where he was struck by some part of the moving train.

Appellee denied that appellant was injured as indicated, and introduced evidence tending to show that the coupler played no part in the injury, but that after appellant had uncoupled the car from the engine he alighted and waited until the car had passed, and then upon undertaking to mount the steps of the moving caboose he slipped and fell.

The only question properly preserved is whether the court properly declined to instruct the jury that assumption of risk and contributory negligence were not defenses to an action under the Federal Safety Appliance Act. Appellant's contention is that he was entitled to this instruction to prevent the jury from being prejudiced against him because of his admission that he had placed his body between the car and the tender while making the uncoupling.

We think the claim is without merit. The only issues which were or could have been raised by the pleadings, or which were advanced in the evidence, were whether the condition of the coupler required appellant to go between the car and the tender of the engine to uncouple them, and whether that defect caused the injury. The court gave clear and definite instructions upon those issues, and we cannot assume that the jury disregarded them. As aptly stated by the District Judge, the requested instruction if given "would have been the giving of an abstract proposition, having no bearing on the defenses actually interposed."

Affirmed.