Argued January 5; affirmed January 24; rehearing denied
February 28, 1933

# RILEY *v.* GOOD
(18 P. (2d) 222)

*Elam Amstutz* and *T. A. Weinke,* both of Portland, for appellant.

*Frank S. Senn* and *James Arthur Powers,* both of Portland (Senn & Recken, of Portland, on the brief), for respondent.

CAMPBELL, J.  Plaintiff alleges that at about 5:30 o'clock p. m., on December 9, 1930, while walking easterly on the northerly side of East Morrison street, in a pedestrian lane of travel, across its intersection with East Water, he was knocked down and was injured by a truck belonging to defendant. He alleges that the cause of his injury was the negligence of defendant's truck driver in the manner in which the truck was operated; that the truck was loaded with some iron pipe or structural iron that extended beyond the

body of the truck to the rear about seven feet, without any light or signal attached to the projecting end; that while he was standing in the street, about three feet to the right of the truck, the truck traveling south, had passed him when without warning, it suddenly turned to the left, thus causing the projecting iron to swing to the right, hitting him, knocking him down and injuring him.

The acts of negligence were denied by the defendant who affirmatively alleges that if the defendant was injured, at the time alleged, it was an unavoidable accident so far as defendant was concerned, and that any injuries that plaintiff may have sustained, if any, were on account of his own negligence in not using his senses and faculties in avoiding such an accident.

The cause was tried to a jury and resulted in a verdict and judgment for defendant. Plaintiff appeals.

There are five assignments of error.

1. It is claimed that the court erred in refusing to admit in evidence the testimony of Fred Reigelman, a witness called by plaintiff in his case in chief.

The witness, a friend of plaintiff, visited him shortly after the accident. At about 7 o'clock p. m., he called up the office of defendant on the telephone and inquired for the manager. He claims that he recognized the voice that answered him as that of C. E. Good, defendant's son, and manager of defendant's business. The witness was about to testify to the telephone conversation. He was asked:

"Q. What did you tell him over the telephone?
"A. All I told him —"

Here defendant interposed an objection, and after some argument, the objection was sustained. Plaintiff made no offer of proof. The strongest statement

that he made, as to what he intended to prove, was made in his argument to the court. In speaking of the said C. E. Good, he said:

"* * * he tells a man that this truck load is at a certain point, admits that truck was there, where they were, and established that it was loaded with merchandise belonging to these people, being operated in the course of business of the master at that particular time of the day; admitted that they had pipe on there like we say we were injured by, and I think that that would be such a declaration as would be binding upon the principal providing he had authority to make such a statement, and I think he did in the course of his employment where he is directing trucks, telling Reigelman where he got this merchandise, and has charge of the business. If he made the admission at that particular time that they did have such merchandise it would be some evidence of that fact".

The kind of merchandise with which the truck was loaded was immaterial. But what would be material, was the manner in which it was loaded on the truck and whether it had a light or flag at the extreme projecting end. We cannot determine from the record what testimony the witness would have given on that point, therefore we cannot say that the plaintiff was prejudiced. Neither can we say that the statement made, if any, would be binding on the defendant or not, nor do we know if any such statement touching the condition of the truck or load was the condition that existed one or two hours before the statement was made.

The reasons given by the trial court for excluding testimony objected to is immaterial and, unless this court can say that the trial court's conclusion was erroneous and prejudicial, its ruling will not be cause for reversal of the judgment: *Strickler v. P. R. L. &*

*P. Co.,* 79 Or. 526 (144 P. 1193, 155 P. 1195); *Ashmun v. Nickols,* 92 Or. 232 (178 P. 234, 180 P. 510); *Columbia etc. v. Alameda etc.,* 87 Or. 277 (168 P. 64).

■ Plaintiff produced a witness, Mr. Langley, who testified that he saw the accident, and how it happened, and what caused it. One witness entitled to full faith and credit is sufficient to establish any fact in issue in the instant case: Oregon Code 1930, section 9-201.

■ 2. The ruling of the trial court in excluding the testimony of the witness, Fred Reigelman, in rebuttal, is assigned as error.

C. E. Good, the man referred to in assignment of error No. 1, was called as witness in behalf of defendant. He testified in effect that he was at the office of the defendant, when somebody called over the telephone regarding the accident; that he examined the truck that was claimed to have been involved, and that there was nothing sticking out beyond the tail gate. On cross-examination, he testified as follows:

"Q. Do you recall a telephone conversation with Mr. Reigelman that night in which you made the statement that there was something sticking out but not to exceed three feet?

"A. I do not.

"Q. You deny that?

"A. I deny that.

"Q. Do you deny the telephone conversation?

"A. No, sir".

Mr. Reigelman was called in rebuttal and was asked:

"Q. Do you remember whether you had a conversation with him over the telephone?

"A. I did.

"Q. What did you tell Mr. Good over the telephone?"

This question was objected to and the objection sustained. This could only be impeaching testimony and plaintiff not having laid the proper grounds for impeachment, and not having asked the question in the form required for an impeaching question, he could not introduce the testimony he was attempting to; and again he made no offer of proof so that even if the testimony should have been admissible, without an offer of proof, we cannot say error was committed: *Gabel v. Oliver*, 130 Or. 392 (280 P. 496); *State v. Miller*, 119 Or. 409 (243 P. 72), and cases cited on assignment of error No. 1.

3. Appellant assigns error on the failure of the court to give the following requested instruction:

"I instruct you, that if you find from a preponderance of the evidence that the plaintiff was proceeding as a pedestrian across the intersection at the time and place described in the complaint as amended at the regular crossing for pedestrians and that he at that time was exercising due care and caution for his own safety, and that while he was so doing he saw the truck of the defendant Good coming into the intersection from the left on Water street and waited for it to pass before he proceeded to cross the street, and there was nothing in the appearance of said truck from where the plaintiff was waiting for said truck to pass him to indicate or warn him that it was loaded with an iron bar, or other like substance extending beyond the rear body of said truck for more than three feet, if it was so loaded, then the plaintiff, Riley, had the right to assume as a matter of law that any overhanging load of three feet or more would have attached to it in the daytime a red flag and in the night time a light to warn him of the presence of such overhanging load".

In its general instructions, the court gave the following:

"I will state to you that it is the law of the state of Oregon that it is incumbent upon one who operates a vehicle, if the vehicle is overloaded so that the overload extends a distance of three feet or more from the rear of the vehicle—and the court makes a construction that this relates to three feet from the body of the vehicle—such extension must be protected by a flag in daytime and a light at night. That is for the protection of other operators of vehicles and pedestrians. It would be negligence in and of itself, per se, if a violation of that should proximately cause an accident".

The court is not bound to give an instruction in the words of the requested instruction providing it gives an instruction to the same effect and covers the points of the requested instruction.

■■■■ 4. Assignment of error No. 4 is predicated on the failure of the court to give the following requested instruction:

"I instruct you, that if you find from the evidence that the defendant's truck was at the intersection at the time and place mentioned in the amended complaint and that it was being operated by the defendant's servant in the purposes of his business and was traveling south at that time, and it had thereon a load consisting in part of an iron bar, pipe, or other like substance extending three feet or more over the rear body of said truck and that such overhanging load, if any, did not at that hour of the day have on the rear end of such overhanging load a light, and that at said time and place and with such a load it made a partial or complete turn to the left without giving any warning to a pedestrian at the right, especially this plaintiff if you find he was standing there waiting for the truck to pass him before he proceeded to cross the street from the West to the East side thereof, and that the plaintiff with due care and caution and without negligence upon the part of himself moved forward after

the truck had passed without striking him but that the overhanging load of three feet or more in length did, strike him while making a partial turn, if any, and the plaintiff did not see said overhanging load because there was no light to warn him of its presence, such act of turning with the overhanging load without a warning and without a light and the striking of the plaintiff under these circumstances would be an act of negligence on the part of the defendent, and your verdict should be for the plaintiff''.

The general instructions of the court defined the duties of the drivers and operators of trucks so far as applicable to the facts in the instant case. Hypothetical instructions, of themselves, are not objectionable: *Buttram v Jackson*, 32 Ga. 409. Such instructions, however, are frequently not practicable and, when requested, the hypothesis must be complete, so far as the theory of the case of the party requesting is concerned. The foregoing instruction contained the following:

''And the plaintiff did not see said overhanging load because there was no light to warn him of its presence, such act of turning without a warning and without a light    *    *    *''.

This would be as likely to mislead the jury as to guide them. There was testimony in the instant case regarding the light in the street intersection and that it was well lighted with an arc-light. Unless the statement in the hypothetical instruction be confined to the particular light required by law, the jury might be misled: *Kelley v. Highfield*, 15 Or. 277 (14 P. 744).

5. Assignment of error No. 5 is predicated upon the court giving the following instruction:

''Now, there is a principle, ladies and gentlemen of the jury, which you will likewise entertain, and that is

this,—if, after a complete survey of this evidence in your deliberations you have reached the conclusion that both of the parties were negligent, that the defendant was negligent in one or more of the particulars, and that likewise the plaintiff himself was negligent, as is alleged, in one or more of the particulars, and that such negligence, however slight, contributed to the bringing about the accident, then the law leaves the parties where it finds them. In other words, you are not called upon to compare which party is more negligent or more to blame. The rules in the program provide that when that state of affairs exists and you find that the evidence here from the witness stand shows that they were both negligent, and that their negligence contributed jointly, or otherwise to bring about the casualty, then, the law leaves them just where it finds them and the plaintiff would not be entitled to recover; the verdict would be for the defendant in that case, because the plaintiff has instituted the case and has not established the case''.

Plaintiff claims that this instruction was error because, according to his contention, there is no evidence in the case of contributory negligence. When a defendant affirmatively alleges contributory negligence as a defense, it is necessary that the allegations be of specific acts of such negligence. It is then incumbent upon the defendant, in order that such defense be available, to prove, by a preponderance of the evidence, his affirmative allegations: Oregon Code 1930, section 9-225. But this does not relieve the plaintiff from the necessity of establishing the allegations of his complaint by evidence of such facts and conduct on his part, free from inferences that may reasonably be drawn therefrom tending to show that he was not without negligence in connection with the acts complained of. The testimony of plaintiff and his witnesses in the

instant case does not entirely eliminate the question of contributory negligence on his part. It was, therefore, proper for the court to give the instruction excepted to. Instructions must be considered as a whole, and if they fairly present the case to the jury the verdict will not be disturbed: *Bank of California v. Portland Hide and Wool Co.*, 131 Or. 123 (282 P. 99).

Finding no prejudicial error, the judgment will be affirmed.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.