Argued January 7; affirmed January 21, 1941

# ERICKSON'S DAIRY PRODUCTS CO. *v.* NORTH-WEST BAKER ICE MACHINE CO. ET AL.

(109 P. (2d) 53)

Before KELLY, Chief Justice, and RAND, BELT, ROSS-MAN and BAILEY, Associate Justices.

*W. O. Sims,* of Portland (Sims & Sims, of Portland, on the brief), for appellant.

*Lamar Tooze* and *Everett I. Adcock,* both of Portland (Cake, Jaureguy & Tooze and Everett I. Adcock, all of Portland, on the brief), for respondents.

BELT, J. This is an action for damages resulting from a fire alleged to have been caused by the negligence of the defendants. Plaintiff owned a building in the city of Newberg, Oregon, and was engaged in installing a refrigerator unit therein. Certain parts of the refrigeration equipment were purchased from the defendant company and the latter's employee was sent by it from Seattle for the purpose of installing the same. As a part of the work in setting up the unit, it was necessary for the defendant Williamson to use an acetylene torch to weld a certain ½-inch steel pipe leading from the compressor to the freezing room. The pipe was welded at a point about four inches from the outside wall of the freezing room. It is the contention of the plaintiff that defendants were careless and negligent in not using sheets of asbestos or other material for the purpose of protecting the wall against sparks or heat resulting from the use of the welding torch. On the inside of the wall there was tongue and groove flooring ¾ inch thick; then a 2-inch layer of flakewood (sawdust); and finally four layers of "Firtex"—each layer being about one and one-half inches thick.

Williamson finished his work in welding the pipe at about 4 o'clock in the afternoon. The fire occurred at midnight. Defendants denied having been the cause of the fire or that the pipe was welded in a negligent manner.

The cause was submitted to a jury and a verdict returned for the defendants. From the judgment entered thereon, the plaintiff appeals.

Error is assigned on account of the refusal of the court to permit an expert witness for plaintiff to answer the following questions:

"Starting with the focal point of 4,600 degrees and we get out here four inches (illustrating) and hit a Firtex wall what would be the temperature from this focal point when we get four inches away? From a scientific standpoint?

\*　　\*　　\*　　\*　　\*　　\*　　\*

"A torch is applied to a steel pipe and we will start with a focal heat around 4,600 degrees and I am asking you what would be the degree of temperature four or five inches away from the focal point and whether or not that will ignite Firtex?"

■■ No offer of proof was made by counsel for plaintiff to show what was expected to be proved if the witness were permitted to answer. Error is not presumed. We see no question for review. For aught we know, the refusal of the court to permit the witness to answer in no way injured the appellant: *Riley v. Good*, 142 Or. 155, 18 P. (2d) 222; *Frint v. Amato*, 131 Or. 631, 284 P. 183.

■ Appellant contends error was committed by the court in withdrawing on its own motion the testimony of Charles D. Erickson—received over objections of defendants—to the effect that defendant Williamson returned to the plant about six weeks after the fire to do some work and at that time used large sheets of asbestos on the wall to protect it against fire.

We think it was proper for the court to cure the error committed in receiving such evidence. Evidence of defendants' subsequent use of asbestos for protec-

tion against fire is inadmissible to show negligence on the day in question. Nor does such evidence constitute an implied admission by defendants that they had been negligent: *Skottowe v. O. S. L. Ry. Co.*, 22 Or. 430, 30 P. 222, 16 L. R. A. 593; *Strickler v. P. R. L. & P. Co.*, 79 Or. 526, 144 P. 1193, 155 P. 1195; Shearman & Redfield on the Law of Negligence (6 ed.), Vol. 1, § 60c. Counsel for appellant assert that they were aware of such well-established rule in the law of negligence but contend here for the first time that evidence of defendant Willamson's subsequent conduct was offered to show that "he recognized the rule of the trade stated by witness for the plaintiff." Assuming, without deciding, that the evidence was admissible for such purpose, the record fails to disclose any limitation put upon the evidence when received.

■ Error is assigned because the court permitted Harry A. Pallady, an expert welder, to testify as a witness for the defendants concerning an experiment in welding a half-inch standard iron pipe at his plant in the city of Portland.

Mr. Pallady thus testified:

"We sawed this pipe in two, and pushed it through, in this manner (indicating by pushing pipe through Firtex); three and one-half inches from the center of the cut, to the edge of the Firtex. * * *."

"Q. Did you use any protective substance of any kind, in making the weld? A. None whatever.

"Q. Did Mr. Sumner, who held the end opposite from the point of the weld, use any gloves or any other protection? A. No.

"Q. How much protruded beyond the end of the Firtex; beyond the weld? A. Probably 4 inches, or such a matter.

"Q. Did he hold it in his bare hands, all while he was making that weld? A. He did. He turned it in a device like this (indicating).

"Q. When you say 'double weld', what do you mean? A. Making one weld and then going over it again and doing the same thing a second time."

The iron pipe and the Firtex used in the test or experiment were offered in evidence. Thereupon counsel for plaintiff interposed the following objection:

"I don't see the value of this. This is not a 12 inch wall or no part of a 12 inch wall, and so that test was not made under the same conditions as that other. The heat could escape after going one and one-half inches, while in our problem we had a 12 inch wall. This would show that this particular piece, separate and apart from the wall, did not take fire, and I don't see how that would help the jury to determine that the wall did not take fire, and we object to it as being immaterial, incompetent and irrelevant, because the circumstances and conditions are not the same as the conditions under which this fire arose."

Evidence of an experiment is admissible if it is of such nature as to aid the jury in determining the issues of fact. Obviously, some experiments would tend towards confusion rather than enlightenment: 20 Am. Jur., Evidence, § 257. It is for the trial court in the exercise of its discretion to determine such preliminary question, and this court will not interfere unless there is an abuse thereof. No hard and fast rule can be announced as to the degree of similarity of conditions under which the experiment is to be made. It is plain, however, that the law does not require that the conditions be identical. It is sufficient if there is a substantial similarity of conditions. When the conditions are so dissimilar from those of the occurrence in question as to tend towards confusion, the evidence of an experiment should be rejected: *Kohlhagen v. Cardwell*, 93 Or. 610, 184 P. 261, 8 A. L. R. 11. Also see numerous

authorities in note 85 A. L. R. 482. We see no abuse of discretion in the instant case. The dissimilarity in conditions affected the probative value of the evidence but was not of such character as to render the evidence inadmissible. After all, we must assume that the jury was composed of men and women of ordinary sense and intelligence who would take into consideration the dissimilarity of which plaintiff complains.

The judgment is affirmed.