# WILSON v. UNION PAC. R. CO.

No. 7536.   Decided May 18, 1951.   (231 P. 2d 715)
Rehearing denied October 4, 1951

See 57 C. J. S., Master and Servant, Sec. 549. Contributory negligence of servant as defense to cause of action based upon violation of statute. 35 Am. Jur., Master and Servant, Sec. 245; 17 A. L. R. 894.

*Rawlings, Wallace, Black, Roberts & Black* and *Wayne L. Black,* all of Salt Lake City, for appellant.

*Bryan P. Leverich, M. J. Bronson, A. U. Miner, Howard F. Coray* and *D. A. Alsup,* all of Salt Lake City, for respondent.

WOLFE, Chief Justice.

This case involves an action under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 et seq., hereafter called the F. E. L. A., and the Safety Appliance Act for injuries sustained by the plaintiff when he fell from the end ladder of defendant's box car. The complaint charged defendant with using in interstate commerce a car which was not equipped with a secure ladder, in violation of the Safety Appliance Act, 45 U.S.C.A. § 11, and also with negligently furnishing plaintiff an unsafe place to work. However, during the trial, plaintiff abandoned any contention that the defendant company was guilty of negligence and chose to rely solely upon violation of the Safety Appliance Act for recovery. From a jury verdict of "no cause of action," plaintiff prosecutes this appeal.

Samuel Wilson, age 37, had been employed by defendant company for fifteen years as a brakeman and conductor. He was injured at approximately 6:05 p.m. on October 7,

1948, at Shoshone, Idaho, while engaged in performing certain switching operations. The box car in question had been shoved in on the "city track" with the intention of leaving said car for a later train. It became plaintiff's duty to set the hand brake located at the west end of the box car to prevent it from drifting away. The weather was dry and warm, and it was light enough to be able to see objects quite plainly. After the box car had stopped rolling, plaintiff started to climb up the north side ladder near the west end of the car, and after reaching the third rung of the side ladder, he stepped around the corner of the car and placed his right foot on the third rung of the end ladder then proceeded to climb two more steps to the fifth rung, where his foot slipped off the allegedly defective rung, from which he fell.

The various rungs of the ladders were individually constructed and individually bolted or riveted to the car. The rungs of the end ladder, numbered from bottom to top, varied in the amount of clearance from the end of the car as follows:

1st Rung 3 inches;

2nd Rung 3 inches;

3rd Rung 4 inches;

4th Rung 4 inches;

5th Rung 2½ inches;

6th, 7th and 8th Rungs, 4 inches.

One of plaintiff's fellow crew members testified that the fifth rung of the ladder had recently been repaired or replaced, as was indicated by blowtorch markings. There was a dispute in the testimony as to how many box cars were equipped with ladders where there was as much as an inch and a half variation in the protrusion of the rungs.

The plaintiff's explanation of his fall was that in climbing the third and fourth rungs of the end ladder, he brushed his toe against the end of the car and the ball of his foot rested upon each rung. In his accustomed rhythmical climb, his mind expected each rung to be the same, but the inch and one-half variation in the fifth rung threw him off balance and caused his fall.

The law pertaining to ladders is found in Secs. 11 and 12, Title 45 U.S.C.A. Sec. 11 provides in part: "* * * all cars requiring secure ladders and secure running boards shall be equipped with such ladders and running boards." This statutory duty has been defined and enlarged by judicial construction and administrative regulation. By virtue of Sec. 12, Title 45 U.S.C.A., the Interstate Commerce Commission has authority to designate "The number, dimensions, location, and manner of application of the appliances" provided for by the Act. Pursuant thereto the Commission has specified its requirements for ladders, including a specification for clearance as follows: "Minimum clearance of treads two (2), preferably two and one-half (2½) inches." In addition to such regulation, the courts have defined the word secure as meaning "steps which furnish secure footings for employees having to use them." *Davis* v. *Reynolds*, 4 Cir., 280 F. 363, 366.

It will be noted that the ladder in question, particularly the fifth rung, conformed to the specifications prescribed by the Interstate Commerce Commission. Insofar as clearance was concerned, all rungs were at least two and one-half inches from the car. Defendant's contention is that as a matter of law there was no violation of the Safety Appliance Act, i. e.— all rungs were secure and provided at least two and one-half inches clearance;—that inasmuch as plaintiff abandoned his theory of common law negligence and relied solely upon the violation of the statute, that the ruling of the U. S. Supreme Court in the case of *Atchison*,

*Topeka & Santa Fe Ry. Company* v. *Scarlett*, 300 U. S. 471, 57, S. Ct. 541, 81 L. Ed. 748, governs, and that the defendant is therefore entitled to a directed verdict. In that case, a brakeman was injured when his foot slipped on a slanting brace rod which was immediately behind the ladder he was using in his descent from a box car. The ladder in respect to the space between it and the brace rod was shown to have conformed to the Commission's requirements of two and one-half inches clearance. The court stated:

"And the railway company having strictly complied with the regulation has discharged its full duty so far as the ladder requirement of the Safety Appliance Act is concerned. The judgment of the trial court and jury cannot be substituted for that of the commission. (Citing cases) * * * "The right of recovery, if any, must therefore rest upon the effect of the near proximity of the ladder to the rod, neither being in itself defective. The law to be applied to that situation is the common law rule of negligence, and not the inflexible rule of the Safety Appliance Act; and the questions to be answered are whether the two appliances were maintained in such relation to one another as to constitute negligence on the part of the company and, if so, whether Scarlett assumed the risk. (Citing cases) In that view, Scarlett in abandoning his claim under the common law rule of negligence abandoned the only possible ground of recovery."

Plaintiff contends that because the I. C. C. regulations do not cover variances between the different ladder rungs that the clearance requirement is not controlling. Plaintiff maintains that whether defendant violated Sec. 11 of the Safety Appliance Act is a question for the jury and that the word "secure" in the statute means "reasonably safe footing" as an interpretation of the *Davis* v. *Reynolds* definition, supra.

The trial court below reserved its decision upon defendant's motion for a directed verdict, based upon the Scarlett case, and in view of the jury verdict, "no cause of action," its decision became unnecessary. Both parties have devoted considerable portions of their briefs, either to distinguish the Scarlett case, or to urge its applicability. However, it is unnecessary that we determine whether the motion for directed verdict should have been granted. Like the trial

court, we expressly reserve decision upon this point. For purpose of this opinion, we assume without deciding that Sec. 11 of the Safety Appliance Act can be so construed as to require the defendant to provide ladders which "furnish reasonably safe footing." This language was given in the trial court's instructions.

Turning to the instructions, plaintiff's first assignment of error is that the trial court erroneously instructed the jury as follows:

Instruction no. 5.

"The court charges you that if you believe from the evidence that the injuries sustained by the plaintiff happened to him by a mere accident, or that the sole proximate cause of his injuries was his own negligence then your verdict must be for the defendant."

Instruction no. 6.

"You are further instructed that the law required the plaintiff to exercise reasonable care for his own safety by properly balancing himself upon said ladder and by keeping a proper grip on the treads of the ladder from which he fell. You are further instructed that if you believe from a preponderance of the evidence that the sole proximate cause of the plaintiff's injuries was his failure to exercise reasonable care for his own safety under all the circumstances then your verdict must be for the defendant and against the plaintiff 'no cause for action.' "

The plaintiff contends that these instructions revive the outlawed defense of contributory negligence in an action based upon the Safety Appliance Act and also that the evidence did not justify submission of the plaintiff's negligence to the jury as being the sole proximate cause of his injuries. The fact that the plaintiff testified in a manner contradictory to these possible explanations of his fall cannot obviate the right of the defendant to have the jury instructed that if they believed the fall was caused solely by plaintiff's negligence, he could not recover. Jurors are familiar with ladders, the mechanics of climbing, and risks therein involved. The jury in this case listened to numerous witnesses describe in detail how such an act is performed,

and were shown photographs of the ladder in question. The irregularity of the ladder, the weather, the light and the fact that the car was stationary, were all matters to be taken into consideration in determining whether a violation of the statute contributed to the fall.

In our recent decision of *Bennett* v. *Denver & Rio Grande Western R. Co.*, 117 Utah 57, 213 P. 2d 325, which involves the F. E. L. A., we stated that if there exists any evidence from which negligence might be fairly inferred, the question is one for the determination of the jury even though the jury's verdict involved some speculation and conjecture in regard to some of the links of the chain of reasoning by which the conclusion was resolved. We stated that the rule should be applied equally to employees as well as employers. Therefore the instructions properly state that if the jury concludes that the plaintiff's negligence, if any, rather than the irregularity in the 5th rung of the ladder, was the sole proximate cause of plaintiff's injuries, then the defendant must prevail. An appropriate statement of the law regarding causation and instructions applicable thereto in F. E. L. A. cases is contained in *Henwood* v. *Coburn*, 8 Cir., 165 F. 2d 418, 425. The *Henwood case* and the *Bennett case*, supra, involve common-law negligence under the F. E. L. A. The difference between such cases and the present one, which involves a violation of the Safety Appliance Act, is that in those cases contributory negligence may be considered by the jury in mitigation of damages, whereas in the present case it cannot be considered for such a purpose. But in both instances, if the plaintiff's own negligence is the sole cause of his injuries, there is no liability. In the *Henwood case*, the court said:

"As we have pointed out, under the teaching of the recent decisions of the Supreme Court, the domain of the jury in circumstantial cases under the Federal Employers' Liability Act may not be narrowly bounded, and the settling of any question of negligence or proximate cause, where more than one rational possibility is involved on the evidentiary facts, is exclusively within its field."

The court instructed the jury that the Safety Appliance Act imposes upon the defendant an absolute and unqualified duty to keep and maintain its ladders in such condidition as to furnish reasonably safe footing to its employees, and that if the failure to comply with said duty contributed in whole or in part to cause injuries to the plaintiff, then the jury was to return a verdict in favor of the plaintiff and assess the damages. Reading the instructions as a whole, we do not believe the language used in instructions 5 and 6 is susceptible of the interpretation that contributory negligence was a defense in this case. They were instructions which stated the defendant's theory of the sole cause of the accident and as such do not constitute error.

The second assignment of error is the refusal to instruct the jury that if the defendant violated Sec. 11 of the Safety Appliance Act, and such violation contributed to cause plaintiff's injuries, the plaintiff's contributory negligence, if any, would in no way affect his right of recovery. This requested instruction conformed to the express language of section 53 of the F. E. L. A. and as an abstract statement of the law, is correct.

We emphasize by repeating that the jury was instructed that if the defendant failed to comply with its statutory duty, and if such failure *contributed in whole or in part* to cause injuries to the plaintiff, then the verdict should be for the plaintiff.

The defense that plaintiff's own conduct was the sole proximate cause of his injuries is a valid defense under the Safety Appliance Act. *Coray* v. *Southern Pacific Co.*, 112 Utah 166, 185 P. 2d 963; reversed and remanded 335 U. S. 520, 69 S.Ct. 275, 93 L.Ed. 208; retrial Utah, 223 P. 2d 819. Sole causation may include contributory negligence as the greater includes the lesser. If the jury, in addition to the instruction given relating to causation, "in whole or in part," were told that contributory negligence is no defense,

they might be confused about "sole cause" being a defense. It is simple for the legal mind to say there is a distinction between contributory negligence and conduct which is the sole cause, but it is very difficult to define this difference so that it is clear to the jury.

The statutory provision that contributory negligence is no defense in a Safety Appliance case properly served its function in preventing any instruction from being given that contributory negligence would defeat recovery or that it should diminish the damages. In *Page* v. *Payne*, 293 Mo. 600, 240 S. W. 156, the Supreme Court of Missouri held that while it was not necessary, neither was it reversible error to instruct the jury that contributory negligence was no defense where there had been a Safety Appliance defect. In *Wock* v. *Wheeling & L. E. Ry. Co.*, 61 F. 2d 674, 675, the 6th Circuit Court of Appeals held it was not error to decline to instruct the jury that assumption of risk and contributory negligence were not defenses to an action under the Federal Safety Appliance Act. The court in pointing out that the only issue was whether a defective coupler had caused the injury upon which clear and definite instructions had been given, stated: "the requested instruction if given 'would have been the giving of an abstract proposition, having no bearing on the defenses actually interposed'."

In the instant case, there can only be three possible explanations as to what caused plaintiff's injuries: (1) Plaintiff's own negligence was the sole proximate cause; (2) plaintiff's negligence concurred with the defendant's violation of the statute; and (3) solely caused by the Safety Appliance defect. By instructing the jury that if the alleged defect contributed in whole or in part to cause plaintiff's injuries, they should find for the plaintiff, the court fully covered the only two possible explanations of causation upon which the plaintiff could prevail (Nos. 2

and 3, supra). We believe a fair trial by a jury of the obscure issue here involved was not denied by refusing to give the requested instruction on contributory negligence in addition to the one given which used the words, "in whole or in part." The instruction given included the negation of the concept of contributory negligence. The plaintiff cannot complain that the exact language of his request was not followed when his theory is fairly and fully presented to the jury, though the requested instruction may have been legally precise. *Cromeenes* v. *San Pedro, Los Angeles & Salt Lake Railroad Company*, 37 Utah 475, 109 P. 10; *Collins v. Liddle*, 67 Utah 242, 247 P. 476; *Balle* v. *Smith*, 81 Utah 179, 17 P. 2d 224; *Nelson* v. *Arrowhead Freight Lines*, 99 Utah 129, 104 P. 2d 225.

In order to rebut the plaintiff's evidence that the ladder in question was unsafe or constituted a hazard, the defendant was permitted over objections to their materiality, to read into evidence the Interstate Commerce Commission's regulations governing the clearance requirement of all ladders, i. e. "two inches (2), preferably two and one-half inches (2½)." Then in the instructions, the court told the jury that the defendant railroad company had not violated any rule or order of the Commission and therefore in order to recover the plaintiff must show that: "the defendant railroad company failed to furnish a secure ladder at the end of the car having in mind that the defendant company did comply with all orders of the Interstate Commerce Commission of the United States pertaining thereto." It is plaintiff's contention that reference to the regulations is error on the ground that they do not cover the question of irregularity, and therefore they were wholly immaterial. In support thereof, plaintiff cites the following cases and language found therein: *Delevie* v. *Reading Company*, 3 Cir., 176 F. 2d 496, 497. "The Interstate Commerce Commission does not purport to issue a set of regulations so complete and comprehensive that a rail-

road company need only obey its instructions." *Bolan* v. *Lehigh Valley R. Co.*, 2 Cir., 167 F. 2d 934, 936. "Accordingly, if an appurtenance conforms with the I. C. C. regulations but nevertheless violates the Act, the latter must control." These cases concern violations of the so-called Boiler Inspection Act, section 23, title 45 U. S. C. A., which requires that the "locomotive, its boiler, tender, and all parts and appurtenances thereof are *in proper condition and safe to operate in the service to which the same are put* * * *." (Italics added.) The instant case is based on an alleged violation of section 11, title 45 U. S. C. A. This statute requires that all cars be equipped with secure ladders. It does not provide in addition thereto that the ladders must be in *"proper condition and safe to operate in the service to which the same are put."* Congress has not prescribed the same statutory standard for box cars as it has for the locomotive, its boiler and tender. See Roberts Federal Liabilities of Carriers, 2d Ed. p. 1246; annotation in 159 A. L. R. 870. This distinction becomes important in view of the court's instruction which required the defendant railroad to provide "reasonably safe footing" as an interpretation of the *Davis* v. *Reynolds* definition, *supra*, because that case appears to be based on the broader, more comprehensive Boiler Inspection Act. Whether section 11 of the Safety Appliance Act can be so broadened by statutory interpretation in a case where contributory negligence is no defense is the question we expressly avoid. Plaintiff's theory is that the irregularity in the rungs of this ladder is a Safety Appliance defect, but he contends it is error to inform the jury that the defendant has fully complied with the regulations concerning ladder rungs which the Interstate Commerce Commission has adopted. The I. C. C. regulations are part of the very act upon which plaintiff bases his claim for recovery and cannot be excluded from the case by this erroneous argument that they are immaterial. The language and reasoning of the Boiler Inspection cases

are not applicable here. Where adherence to the regulations is so inter-related with the alleged violation of the statute, it is not error that the jury be advised of such compliance with the regulation. The jury was told in effect that even though the defendant complied with the regulation, it could find the defendant had violated the Act because it failed to furnish a secure or reasonably safe ladder. The I. C. C. regulation having been admitted in evidence, it became necessary to advise the jury just what significance it commanded. As we have shown, they were still at liberty to find a violation of the statute.

At the close of the evidence, counsel for the plaintiff offered to prove that after the plaintiff was injured, a fellow employee climbed a ladder at the opposite end of the car in question to tighten the hand brake and while descending the same ladder on which the accident occurred, he almost slipped and fell off the same fifth rung; that the variation in the protrusion of the fifth rung was the thing that caused him to nearly fall. This proffer was excluded and, we think, correctly.

Plaintiff points out that in this jurisdiction, evidence of prior accidents has been held admissible to characterize a defective sidewalk, *Shugren* v. *Salt Lake City,* 48 Utah 320, 159 P. 530, and also to describe the condition of a station platform, *Barlow* v. *Salt Lake & U. R. Co.,* 57 Utah 312, 194 P. 665. We have no decisions upon the admissibility of similar subsequent accidents. In the present case, this witness was approximately ten feet away when the plaintiff fell, and immediately went to assist him. He had seen the plaintiff start to climb the ladder, then turned his head a moment when he heard the fall. He helped remove the plaintiff from the scene of the accident and later returned to the car to set the hand brake. While descending, he must have known that it was from this same ladder that plaintiff fell. This witness' knowledge of the accident compared to the plaintiff's unawareness, is a substantial

dissimilarity of conditions which could "supposably affect the result in question," Wigmore on Evidence (3d Ed.), Section 442. The testimony of a witness who proceeds to place himself in the position of the injured party shortly after witnessing the accident is distinguishable from evidence of similar accidents by persons unaware that an accident has occurred at the place in question.

The proposed testimony of a fellow employee having knowledge of the accident under the circumstances in this case is more closely analogous to evidence of an experiment conducted to determine what had caused the plaintiff's fall. Such a witness having the accident in mind would likely inspect the ladder to determine its condition at that time. The general rule is that evidence of experiments is admissible if the trial court believes it is of such a nature as to aid the jury in determining an issue of fact, *Erickson's Dairy Products Co.* v. *Northwest Baker Ice Machine Co.*, 165 Or. 553, 109 P. 2d 53. The objection in allowing experimental evidence of relatively simple things to show their tendency for causing harm is that the jury can determine for themselves what probability of harm exists. The question, what caused plaintiff to fall from the irregular 5th rung of the ladder, is not a proper subject matter upon which evidence of a conducted experiment can shed light. In *Martin* v. *Angel City Baseball Ass'n*, 3 Cal. App. 2d 586, 590, 40 P. 2d 287, 288, the court in sustaining the denial of admission of proposed evidence said:

"The results of experiments made by an individual chosen for the purpose to demonstrate bodily movements in walking or in approaching and descending a stairway are so likely in the nature of things to be what the mind of the individual suggests that it is extremely doubtful whether such personal experiments are safe as proof.

There is no doubt that further experiments conducted by the defendant would show that other brakemen would be able to successfully climb the ladder without falling. Under all the circumstances, the trial court did not err in denying admission of such proof.

We think the case was fairly tried without error in admission of evidence, or instruction to the jury and the verdict and judgment thereon is affirmed.

LATIMER, McDONOUGH, and CROCKETT, JJ., concur.

WADE, Justice (dissenting).

I think it clear that the trial court correctly refused to direct a verdict against plaintiff and correctly instructed the jury that the Safety Appliance Act requires defendant to provide a ladder with reasonably safe footings. But I think to instruct the jury that plaintiff could not recover if his negligence was the sole proximate cause of his injuries and to admit evidence of, and instruct as it did on the regulation of the Interstate Commerce Commission and to reject plaintiff's proffered proof that another workman had almost fallen from this same ladder,was prejudicial error.

If plaintiff's negligence was the sole proximate cause of his injuries he was not entitled to recover. But plaintiff's negligence would not relieve defendant from an otherwise existing liability, for if defendant violated the Safety Appliance Act and thereby proximately caused plaintiff's injuries it would be liable therefore and such liability would not be affected by the fact that plaintiff's negligence proximately caused his own injuries regardless of how great plaintiff's lack of care might be. The questions for the jury to determine on this point are whether defendant violated the Safety Appliance Act and whether such violation, if any, proximately caused plaintiff's injury. The answer to those questions must depend on whether or not the ladder's footings were reasonably safe and should be the same regardless of whether or not the plaintiff was guilty of negligence, so that question did not concern the jury and was therefore immaterial, and the jury should

not have been required to consider it, for whether or not the footings were reasonably safe depends on and should be determined from a consideration of the conditions created by defendant not from a consideration of the actions and conduct of the plaintiff. If plaintiff's negligence was the sole proximate cause of his injuries, he cannot recover only because if such negligence was the sole or only proximate cause thereof there could be no other proximate cause and therefore defendant could not have caused such injuries.

But the court by instructions No. 5 and No. 6 invited the jury in determining defendant's liability to determine whether or not plaintiff was guilty of negligence and to keep in mind what precautions plaintiff should take in order to exercise due care. In instruction no. 6 the jury was expressly instructed that the law required the plaintiff to exercise reasonable care for his own safety by properly balancing himself upon said ladder and by keeping a proper grip on the treads of the ladder from which he fell, and repeats that if the "sole proximate cause of plaintiff's injuries was his failure to exercise reasonable care," he could not recover. Thus the jury was definitely invited to consider the actions of the plaintiff, and if they found that he failed to keep himself properly balanced or to keep a proper grip on the ladder, to find against him. The things which the court called to the jury's attention had little or no bearing on the question of whether defendant proximately caused plaintiff's injury, they were the things that should be considered and emphasized only if contributory negligence were a defense but not the things to be considered where it is no defense. Only a trained legal mind which understands clearly the difference between "sole proximate cause" and "contributory negligence" could in the face of such instructions keep in mind that "the sole proximate cause" is "the only proximate cause" and if there is only one proximate cause there can be no other such cause, but still it is immaterial whether plaintiff was neg-

ligent or not for regardless of how flagrant plaintiff's negligence was, if defendant failed to furnish a reasonably safe ladder and thereby proximately caused or contributed in proximately causing plaintiff's injuries, defendant is liable therefor and plaintiff's negligence was not the sole proximate cause of his injuries. The determining factor is whether defendant failed to furnish a reasonably safe ladder which proximately caused the injuries which should be determined from a consideration of what it did or failed to do and not from whether plaintiff properly balanced himself or was otherwise negligent. It is simply asking the impossible to expect a jury of laymen under such circumstances to determine this case on the basis of defendant's performance rather than plaintiff's actions. I therefore think that this instruction would not have been more harmful had it directly told the jury that plaintiff could not recover if they found him guilty of contributory negligence.

The case of *Coray* v. *Southern Pacific Co.*, 119 Utah 1, 223 P. 2d 819, where by a divided court we approved an instruction that denied recovery if the jury found that the employee's negligence was the sole proximate cause of his death, is distinguishable from this case in that the evidence there would justify a finding that the employee's negligence intervened after the effects of the defective appliance had been expended, and thereby rendered such defects only a remote cause of the accident. In that case Mr. Justice WOLFE, though writing the prevailing opinion, disagreed with the majority of the court, stating that he believed that the defective brakes and the employee's negligence were so closely connected and so concurrent in their effect in causing the accident that it was error for the court to instruct that plaintiff could not recover if the employee's negligence was the sole proximate cause of his death, because there was no evidence that the employee committed independant acts of negligence which would jus-

tify such instruction. He cited and analyzed many cases and authorities to that effect, See 223 P. 2d at pages 822-823. Here there were no independent acts of negligence on the part of the plaintiff which were not concurrent with the allegedly unsafe ladder in bringing about plaintiff's injuries. In a concurring opinion in *Coray* v. *Southern Pacific R. R. Co.*, supra, I attempted to distinguish that case from the cases relied on by Mr. Justice WOLFE in reaching the conclusion that there was, in that case, no evidence to justify the instruction in question, by pointing out that there the jury might find that sufficient time lapsed after the defective brakes suddenly stopped the train to render such stopping only a remote cause, and not a proximate cause of the accident and that the failure of the deceased employee to keep any lookout was an independent, intervening cause of the accident and therefore the sole proximate cause thereof. In the instant case the plaintiff's negligence, if any, was concurrent with the failure of the defendant to furnish a reasonably safe ladder, if there was such failure, and certainly not independent thereof. What Mr. Justice WOLFE said in the Coray case on this subject applies with equal force to the facts of this case.

I also think it was error to receive in evidence and instruct as the court did on the regulations of the Interstate Commerce Commission governing the clearance required for ladders. This would have been admissible had plaintiff claimed that this ladder was dangerous because of the short clearance provided by this rung, but plaintiff's claim is that it was dangerous only because of the variation in the clearance between this and the other rungs in this ladder, not because the lack of clearance made it inherently dangerous. That evidence had no bearing on the problem presented to the jury, but had a strong potentiality for confusing the jury into thinking that since the regulations did not require greater clearance than this rung

had it could not be dangerous.

I also think the court erred in refusing the proffered evidence that a few minutes after this accident a fellow employee almost fell in descending this same ladder on account of the variation in the protrusion between this and the other rungs of this ladder. I think this evidence clearly had probative value in showing the cause of the accident and therefore should have been admitted. The contention in the prevailing opinion that this evidence is not admissible because of a change in circumstances in that the fellow employee knew of this accident and was alerted to the danger seems unsound, for a person who had been alerted to the danger would be much less apt to fall in descending this ladder than a person who had no warning thereof, so if a person who had been warned of the danger almost fell in negotiating that ladder, it would be much stronger proof that it was unsafe than if he had the same experience without such warning. Nor is the fact that the defendant might rebut this evidence by showing that others negotiated this same ladder without encountering any difficulty a valid reason for rejecting this evidence. For many people may, and often do, pass over a dangerous place without accident, and the mere fact that evidence might be contradicted has never to my knowledge been considered a valid reason for its rejection.