Argued October 7, affirmed December 9, 1976, petition for rehearing
denied January 11, 1977

# SILBERNAGEL, *Appellant,*
## *v.*
# WESTERN FARMERS ASSOCIATION,
## *Respondent.*
### (44685, SC24394)
#### 556 P2d 1369

*Ira S. Feitelson,* Salem, argued the cause and filed briefs for appellant.

*Ralph C. Spooner,* Salem, argued the cause for respondent. With him on the brief was Bruce W. Williams, Salem.

Before Denecke, Chief Justice, and McAllister, O'Connell, and Tongue, Justices.

McALLISTER, J.

## McALLISTER, J.

The plaintiff, Ray Silbernagel, brought this action against Western Farmers Association to recover damages allegedly caused by the application by Western Farmers of a herbicide known as IPC to a crop of Fawn fescue being grown by plaintiff. Plaintiff alleged his cause of action in four counts, namely, negligence, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantable quality. When plaintiff had rested his case defendant moved for a judgment of involuntary nonsuit on the ground that plaintiff had not proved that the herbicide was a cause of any damage to plaintiff's crop. The trial court granted the motion as to all counts and dismissed the action with prejudice. The plaintiff appeals. We affirm.

The main issue is whether plaintiff proved that the IPC caused damage to his crop. Subsidiary questions are whether causation had to be proved by an expert witness and whether plaintiff's witness Willis Fitzpatrick was qualified as an expert witness.

Plaintiff is a farmer near Scio. Defendant sells fertilizer and herbicides to farmers and, in some cases, applies the chemicals to the crops. Plaintiff had a 40-acre field planted to both Fawn fescue and clover which he had previously harvested for hay. Since grass seed prices were high in 1972 plaintiff decided to raise both a fescue seed crop and a hay crop on the 40-acre tract the following year. This could be done because the seed heads of the Fawn fescue grow well above the foliage so that he could harvest the fescue seeds first and then cut the foliage of the fescue and the clover for a hay crop.

In November of 1972 plaintiff met with two of defendant's employees at his field to decide what herbicide would be best to kill the weeds and seedling plants growing in the field. Defendant's agent recommended the use of IPC in lieu of another herbicide

which plaintiff had intended to use. Plaintiff agreed to use IPC and defendant applied the IPC in suspension together with various fertilizers.

Plaintiff's fescue produced only about 100 pounds of seed per acre instead of the 750 pounds or more which plaintiff had expected. Plaintiff concluded that the seed crop was not sufficient to justify the cost of separately harvesting the seed, so he harvested the entire crop for hay.

Plaintiff called only two witnesses besides himself, one a farmer and the other Willis Fitzpatrick, Jr., the defendant's employee, who had applied the IPC to plaintiff's field. Plaintiff disclaimed any expertise concerning IPC and apparently thought that the farmer Don Wirth was not qualified as an expert. At any rate he did not ask Wirth whether he had an opinion why the fescue failed to produce a good seed crop.

Plaintiff attempted to qualify Fitzpatrick as an expert and then asked him the following question:

"Q  Do you have any opinion as to what caused the damage to this crop?

"MR. SPOONER: Objection. The reason stated earlier, I think it's beyond the competency of this witness and especially with his limited experience with IPC.

"THE COURT: Sustained."

Plaintiff did not contend that IPC was not a suitable chemical for the purpose for which it was used. He contends only that the IPC should have been applied prior to November first as recommended by the Oregon Weed Control Handbook instead of on November 28th. In other words, the narrow issue is whether the application of the IPC after November first caused the failure of plaintiff's Fawn fescue to produce a good seed crop.

■ There are several reasons why the ruling of the trial court was proper. In the first place, Fitzpatrick did not claim to be an expert and his testimony

established that he was not. In response to questions Fitzpatrick stated that his knowledge of the chemistry of IPC and its relation to plants "was very weak" and that he had limited expertise in that area. His background consisted primarily of using chemicals as a farmer and as manager of a water control district and also as an applicator for Western Farmers. His training consisted of basic botany and chemistry courses during his three-year college study of forestry engineering. He had received no special training when he went to work for Western Farmers.

In the second place Fitzpatrick testified that he had in the past applied IPC to seed crops after November first. We quote:

"Q   How many times have you applied IPC, do you think?

"A   Over twenty — less than fifty times.

"Q   Had damage with it in any other applications?

"A   No, not any adverse damage.

\* \* \* \* \*

"Q   Were those other applications always done prior to November 1?

"A   No. Some of them were done in the dead of winter.

"Q   But I'm talking now about grass seed.

"A   On grass seed, yes.

"Q   They were always done before November 1?

"A   No, not always. I made applications on my own farm after November the 1st on Orchardgrass.

"Q   But when you were working for Western Farmers?

"A   When I was working for Western Farmers, yes, they had to be done before November 1.

"Q   You followed the handbook?

"A   Right."

Thirdly, there was no evidence that the IPC was not effective in killing the "weeds and seedling crop seed" growing in the field. For aught that appears in the evidence, the IPC effectively accomplished the purpose for which it was applied.

■ Lastly, plaintiff did not make an offer of proof as to what Fitzpatrick's answer would have been if permitted to answer the question quoted earlier in this opinion. We quote the following from *Erickson's Dairy Co. v. NW. Baker Ice Co.,* 165 Or 553, 556, 109 P2d 53 (1941):

> "No offer of proof was made by counsel for plaintiff to show what was expected to be proved if the witness were permitted to answer. Error is not presumed. We see no question for review. For aught we know, the refusal of the court to permit the witness to answer in no way injured the appellant: *Riley v. Good,* 142 Or. 155, 18 P. (2d) 222; *Frint v. Amato,* 131 Or. 631, 284 P. 183."

See, also, *Brink et ux v. Multnomah County,* 224 Or 507, 516, 356 P2d 536 (1960).

■ We have carefully reviewed the evidence and conclude that there was no evidence to prove that either the application of IPC to plaintiff's crop or the application thereof after November first caused any damage to plaintiff's crop of Fawn fescue.

The judgment is affirmed.